By the Court, E. Darwin Smith, J.
It does not distinctly appear in the case upon what ground the cause was put to the jury.
The charge is not given, and no points seem to have been made at the trial, in respect to it. We must therefore assume that the charge was satisfactory to both parties, and presented the case upon the correct legal principles to the jury.
Assuming, as we must, therefore, that upon the law the jury were advised that the plaintiffs had no legal right of action upon the order, the same not having been accepted, but if they believed that it was given as, and understood by the plaintiffs, Starring and the defendant, to be, an order for the payment of $100 out of the wages or payments earned or to be earned and payable under the contract between the said Starring and the defendant, for the building of the house which said Starring was then erecting for the defendant, and that was the account referred to in said order to which the defendant was requested by said order to charge the $100 mentioned in the same, on payment, then if said order was duly presented to the defendant for payment when he had in his hands the sum of $100 due and payable to said Starring by the tenor of said order, the plaintiffs had the right to have such money paid to them upon said order; and that the refusal of the defendant to make such payment entitled the plaintiffs to a verdict for said sum of $100; then I think a verdict for the defendant was erroneous, and clearly against the evidence. An order drawn upon a particular fund, or for the payment of particular money in the hands of the drawee, not otherwise appropriated, with notice of such order, and particularly upon its presentment to the drawee for payment, is an equitable assignment of the money of the drawer in the *590 hands of the drawee, to the amount of such order. (Lewis v. Shuart, 24 N. Y. 242. Martin v. Naylor, 1 Hill, 583. Hall v. City of Buffalo, 1 Keyes, 199.)
[Fourth Department, General Term, at Rochester,
April 1, 1873.
Mullin, Talcott and E. D. Smith, Justices.]
It appears from the testimony of Starring that the order was drawn by him in pursuance of an agreement made with the defendant, before it was given; that he also talked with him about it on the morning of the 17th of July, the day of its presentment, and exhibited it to him about 8 or 9 o’clock in the morning of that day, and the defendant then admitted it to be good, and that he had $100 back out of the $700 previously earned by Starring on the contract, which Starring then informed him he had left back to pay this draft. Upon these facts, admitted and testified to by the defendant himself, it seems to me the plaintiff was clearly entitled to a verdict. Upon the undispted facts of the case, the verdict for the defendant was against the clear evidence in the case.
The judgment should, therefore, be reversed, and a new trial granted, with costs to abide the event.