JOHN CURRY, Appellant, *v.* DANIEL W. POWERS, Executor, etc., Respondent.

ROBERT CURRY, Appellant, *v.* THE SAME, Respondent.

An absolute gift requires a renunciation by the donor and an acquisition by the donee of all interest in and title to the subject of the gift.

The delivery of a check upon a savings bank, payable at a future day, is not, as between the payee and the legal representatives of the drawer, a valid gift.

C., with intent to make a gift to his two sons, R. and J., delivered to each of them a check upon a savings bank, payable four days after his death. He stated that he wanted the control of the money as

long as he lived, in order to receive the interest. He also delivered to R. his bank pass-books, stating that they would want them to get the money; that he did not consider them safe there, and directed R. to take care of them. C. had more money on deposit in each of the savings banks than called for by the respective checks. R. deposited the books in bank, where they remained until after the death of C. *Held,* that the transaction did not constitute a valid gift; that the delivery of the checks did not transfer the funds deposited, nor did the delivery of the pass-books, assuming that they were the subjects of transfer as a gift, as the decedent did not absolutely part with his control over them.

Also *held,* that the transaction could not be sustained in equity, as a declaration of trust, or as gifts by appointment or appropriation.

*Cox* v. *Spriggs* (6 Md., 286) distinguished and questioned.

(Argued June 7, 1877 ; decided June 19, 1877.)

APPEALS from judgments of the General Term of the Supreme Court in the fourth judicial department affirming judgments in favor of defendant, entered upon the reports of a referee.

These were references under the statute, of claims presented by the plaintiffs respectively against defendant as executor of the estate of Robert J. Curry, father of plaintiffs.

The facts and questions presented were alike in both cases and are sufficiently set forth in the opinion.

*J. A. Stull,* for the appellants. The title to the subject of the gift passed by the transaction itself to the donees and plaintiffs were entitled to recover. (Chitty on Bills [8th Am. ed.] 1–2 ; *Fogerties* v. *State Bk.,* 12 Rich. [S. C.], 518 ; 2 Storey's Eq., § 1044 ; *Harris* v. *Clark,* 3 Comst., 91 ; *Lunt* v. *Bk. of N. Am.,* 49 Barb., 241 ; *2d Nat. Bk.* v. *Williams,* 13 Mich., 282 ; *Chapman* v. *White,* 2 Seld., 412 ; *Westerloo* v. *De Witt,* 36 N. Y. 340 ; *Penfield* v. *Thayer,* 2 E. D. S., 304 ; The fact that the subject of each gift did not embrace the whole of the donor's claim, or that the claims as transferred were not collectible from the banks till after the donor's death, did not affect the validity of the gifts. (*Fulton* v. *Fulton,* 48 Barb., 582 ; *Penfield* v. *Thayer,* 2 E.

D. S., 304 ; *Camp's Appeal*, 36 Conn., 38 ; *Tillinghast* v. *Wheaton*, 8 R. I., 536 ; *Hill* v. *Stevenson*, 63 Me., 364 ; *Westerloo* v. *De Witt*, 36, N. Y., 340 ; *Brown* v. *Brown*, 18 Conn., 410 ; *Bedell* v. *Carll.* 33 N. Y., 581.) A chose in action, whether due or to become due, is the proper subject of a gift. (*Grangiac* v. *Arden*, 10 J. R., 293 ; 36 N. Y., 340 ; 33 id., 581 ; 18 Conn., 410 ; *Grove* v. *Grove*, 24 Pick., 261.) The gifts should be sustained in equity as a declaration of trust by the donor for the donees, or as gifts by appointment or appropriation by the donor to the use of the donees. (10 J. R., 292 ; 48 Barb., 582 ; *Gordon* v. *Merritt*, 32 Md. 78 ; *Ellis* v. *Secor*, 31 Mich., 185 ; *Mirror* v. *Rogers*, 40 Conn., 512 ; *Lemen* v. *Phœnix M. L. Ins. Co.*, 38 id., 264 ; *Ray* v. *Simmons*, 15 Am. L. R. [N. S.], 74 ; *Kekwith* v. *Manning*, 1 D. M. & G., 176 ; *Penfold* v. *Mould*, L. R., 14 Eq., 562 ; *Johnson* v. *Smith*, 1 Ves., 314 ; *Lawson* v. *Lawson*, 1 P. Wms., 441 ; *Harris* v. *Clark*, 3 N. Y., 118 ; Lewin on Trusts, 82 ; *Ex parte Pye*, 18 Ves., 149 ; *Jones* v. *Lock*, L. R., 1 Ch. App., 25 ; *Morgan* v. *Malison*, 10 Eq. [L. R.], 475 ; *Richardson* v. *Richardson*, L. R. [3 Eq.], 686 ; 18 Conn., 410 ; 24 Pick., 261.)

*James Breck Perkins*, for the respondent. The gifts were not gifts *causa mortis*. (*Irish* v. *Nutting*, 47 Barb., 370–385; *Dexheimer* v. *Gauthier*, 5 Robt., 216–223 ; *Harris* v. *Clark*, 3 Comst., 93 ; *Chapman* v. *White*, 2 Seld., 412 ; *Woodruff* v. *Mu. Bk.*, 25 Wend., 673 ; *Dykes* v. *Man. Bk.*, 11 Paige, 611 ; *Lunt* v. *Bk. of N. Am.*, 39 Barb., 221 ; *Tate* v. *Hilbut*, 2 Ves. Jr., 111 ; *Riddell* v. *Dobree*, 10 Simons, 245 ; *Fink* v. *Fink*, 18 J. R., 185.) The checks were not valid as gifts *inter vivos*. *Bedell* v. *Carl*, 33 N. Y., 584 ; 11 Paige, 611 ; 2 Seld., 412 ; 49 Barb., 221 ; *Woodruff* v. *Mer. Bk.*, 25 Wend., 673 ; *Harris* v. *Clark*, 3 Comst., 93 ; 2 Kent's Com., 438 ; 47 Barb. 370.)

MILLER, J. The decedent, under whom the appellants claim, no doubt intended to make a gift to each of his sons

of six thousand dollars. He had long previously expressed such an intention, and proceeded to carry it into execution, by delivering to each of them a check for the sum of six thousand dollars, and a pass-book on the several savings banks where the decedent had money deposited for a larger amount than the several checks. Each of the checks were payable four days after his death, and had a memorandum at the top to the effect that, " The pass-book must be presented with this check." When the checks were delivered, the decedent said he wanted it in this shape, as he wanted the control of the money as long as he lived, to receive the interest. He also said at the time, " You will want these books to get the money. I don't consider them safe here," and remarked to his son Robert, " You take them, and take care of them;" and upon signing the checks, he said, " Boys, this is something which will do you good when I am gone. It will not do you any good while I am here."

The books were then taken by Robert, and by him placed in the store of one Hess, where he was employed, and afterward in the bank of the defendant, and in the presence of the defendant placed in an envelope, on which was written, " R. J. Curry, bank books, to have when called for."

Upon the foregoing facts the question arises, whether there was such a disposition and delivery of the books and checks as to constitute a valid gift in law. In order to render a gift valid, *causa mortis* or *inter vivos*, the gift must be delivered to the donee, or it must be placed in his power, by delivery of the means of obtaining possession. Without delivery, the transaction is not valid as an executed gift. (*Harris* v. *Clark*, 3 Coms., 113, 114, and cases cited.)

In Parsons on Contracts (chap. 15, § 1, 5th Ed.), it is laid down that if it (the gift) regards the future, it is but a promise without consideration, and has no validity.

The mere delivery of the checks could not and did not operate as a transfer of the money in the bank. As they were payable at a future time, they were of the same character as bills of exchange, and therefore did not have the

effect to transfer the funds, and the banks upon which they were drawn were under no obligation and could not be compelled to pay them before they became due. (*Dykers* v. *Leather Manuf. Bank*, 11 Paige, 612, 617; *Chapman* v. *White*, 2 Seld., 412; *Lunt* v. *Bank of N. America*, 49 Barb., 221; *Woodruff* v. *Merchants' Bank*, 25 Wend., 673.)

The drawer had a right to make other checks, and thus he retained control of the fund until his death, in accordance with his expressed intention that he might draw the interest. In *Harris* v. *Clark* (*supra*), it is held, that a draft upon a third party, which was not accepted, intended as a *donatio mortis causa*, is not valid, and the donee cannot maintain an action upon it against the donor's representatives.

The cases cited settle the law in this State beyond any question, that a check payable at a future day does not have the effect to transfer the money of the bank on which it is drawn before it becomes due, and is not a valid gift.

We may therefore assume that the checks signed by the decedent did not alone operate to bind his estate, and were not a lawful transfer of his funds in the banks on which they were drawn. Nor does it alter the principle, because the checks in question were drawn upon deposit in a savings bank, and that the controversy here is between the payee and drawer's legal representative, instead of being between the payee and the drawee, as is the case in many of the reported cases.

As to the transfer of the bank books, the testimony shows that the decedent never absolutely parted with his control over the same. He did not consider them safe where they were. He reserved expressly the interest on the moneys deposited, and it was essential that he should retain control over them for the purpose of drawing the same, and he did not intend, evidently, to part with the books until his decease. Nor did he ever part entirely with the bank books as a chose in action. The gifts were of the checks, and the books represented more money than the checks. It is there-

fore manifest that there was no intention to part with the books absolutely, from the fact that the whole amount credited exceeded the sums for which the checks were drawn. An absolute gift requires a renunciation by the donor, and an acquisition by the donee of all interest in and title to the subject of the gift. A portion cannot be retained and the remainder disposed of. (*Irish* v. *Nutting*, 47 Barb., 383.)

Giving full scope to the transaction, it amounted to a delivery of the bank books. First : To keep the control over the same while decedent lived, and to enable him to draw the interest on the fund. Second : For safe keeping, and that upon his decease the checks be paid from the moneys on deposit. to the appellants, and the remainder of the fund to his own estate. This clearly was not a valid assignment of the books as a chose in action, which transferred the title and gave the entire control and ownership to the appellants. At most it only transferred a portion of the fund upon a future contingency, and did not operate as a delivery so as to constitute a valid gift. It is urged that a distinction exists between the money and the claim on the bank; that the claim on the bank for the principal sum, was distinct from the claim for the interest which had or might accrue, and the retention of the claims for interest by the donor, was not inconsistent with the transfer of the claim so far as the principal sum or any part of it was concerned. As already manifest, the decedent could not transfer a part without the whole, and thus establish a valid gift, and as he retained a right to control the whole as long as he lived, and to receive the interest while living, and a portion of the principal sum after his decease belonged to his estate, the alleged gift was never executed and carried into effect.

This reservation was incompatible and inconsistent with a transfer of the bank books. The case of *Cox* v. *Sprigg* (6 Md., 286), which is relied upon by the appellants' counsel to sustain the point last considered, is not in point, and if it can in any way be regarded as applicable, is, we think, adverse to the uniform current of authority, which requires

that the gift to be valid must establish an executed contract. Nor is it an answer to the position that the decedent retained the control of the funds in the bank, to say that he merely meant that the claim against the bank should remain uncollected, for it is evident that the control was personal to himself, and not otherwise.

The case considered bears no analogy to that of an order drawn upon a particular fund in pursuance of an arrangement with the drawee, which order upon being shown is admitted to be good, and that a sum equal to the amount of the order was due to the drawer, and which operates as an equitable assignment to that extent. (*Lewis* v. *Berry*, 64 Barb., 593.)

The delivery of a check, when payable at a future date, could not be effective so as to constitute a gift, when the drawing of a check afterwards would revoke it; and when the checks in question were drawn, no title vested in the appellants. The decedent had a lawful right to draw the interest, and the entire fund, and to demand and reserve possession of the pass-books, which had been temporarily parted with, he retaining control of the same in his name. If, upon demand, a delivery had been refused, he could have maintained an action for the recovery of the same. He had a clear right to a portion of the fund, and never had absolutely parted with any of it. The appellants, on the other hand, could not make out any title to the books, as the possession was qualified, restricted and conditional. If the whole fund had been disposed of, with no reservation or qualification, and an absolute delivery of the bank books made, a different question might arise. The delivery of the pass-books, with such a restriction, was not, then, a symbolical delivery, which consituted a transfer of the same.

Assuming that a bank book, which merely contains a memorandum of credits, is a chose in action, and the subject of transfer as a gift, the difficulty here is, that the gift was never completed and executed by the donee.

We do not deem it necessary to examine in detail the

various cases to which we have been referred, which hold that a promissory note, bill of exchange, or other chose in action, due in the future, may be the subject of a gift. It is sufficient to say that they differ essentially from the case at bar, and none of them hold that a gift can be made valid and effectual when the control and ownership of the property is retained in the donor. Nor is it held in any of them that a bank book can be made the subject of a gift when the control is retained by the donor, and no delivery made, no title transferred, and the time of enjoyment postponed to an uncertain and indefinite future period of time.

Without referring to others, than those already cited, the weight of authority is in a contrary direction, and it would be a disregard of the barriers which the law has thrown around transactions of this character, and a violation of a well-settled principle, to hold that a valid gift was established in this case.

The learned counsel for the appellants in his elaborate argument, urged that the transaction might be sustained in equity as a declaration of trust by the donor, for the donees, or as gifts by appointment or appropriation by the donor, for the use of the donees, where the strict rule requiring delivery of the subject of the gift to the donee has been relaxed, and has referred us to numerous cases, mostly decisions of the English courts, and the courts of other States, in support of his position. We have examined the decisions referred to with care, and are brought to the conclusion that the transaction cannot be upheld upon any such basis. And we are of the opinion that there was no such delivery of the checks or bank books, or valid agreement as constituted a trust or apportionment, and the appellant's claims cannot be maintained on any such ground.

As the appellants failed to establish valid gifts of the checks and bank books, the decision of the General Term affirming the judgments on the referee's reports, must be affirmed.

All concur.

Judgments affirmed.