CHARLES F. WEINHAUER, Respondent, v. THOMAS MORRISON, Appellant.

*Bill of exchange — when the drawee is not chargeable upon an oral promise to pay it.*

One Mulvy, being indebted to the plaintiff, gave to him an order for twenty-three dollars and fifty cents, drawn upon the defendant, who was then indebted to Mulvy for an amount equal to that sum, of which order the following is a copy:

"Wellsville, *Oct.* 15, 1886.

"Mr. Tom. Morrison, please pay to C. F. Weinhauer $23.50, and charge the same to me.                                                                "D. D. MULVY."

The order was presented by the plaintiff to the defendant, who then said to him: "I accept the order and I will pay you in a short time " The defendant having refused to pay it, this action was brought by the plaintiff in a Justice's Court, the complaint alleging that the defendant became indebted to the plaintiff, in the sum of twenty-three dollars and fifty cents, by accepting and promising to pay an order for that amount drawn upon him by D. D. Mulvy, payable to the plaintiff.

*Held,* that the action could not be maintained.

That the defendant was not chargeable as an acceptor, because he did not accept in writing; nor was he liable upon his oral promise, as there was no evidence given showing any promise made by him, before the order was drawn, to accept it.

APPEAL from a judgment of the Allegany County Court, of January 4, 1888, affirming a judgment in favor of the plaintiff, entered in a Justice's Court.

*Blackman & Hall* and *H. J. Swift,* for the appellant.

*Oscar A. Fuller* and *Adelbert Moot,* for the respondent.

BRADLEY, J.:

The complaint alleged that the defendant became indebted to the plaintiff in the sum of twenty-three dollars and fifty cents, by accepting and promising to pay an order for that amount, drawn upon him by D. D. Mulvy, payable to the plaintiff. The defendant, by his answer, denied all the allegations of the complaint. It appears that Mulvy gave the plaintiff an order, of which the following is a copy:

"Wellsville, *Oct.* 15, 1886.

" Mr. Tom Morrison, please pay to C. F. Weinhauer $23.50, and charge the same to me.

"D. D. MULVY."

This order was given on account of such amount due from Mulvy to the plaintiff. The evidence warranted the conclusion that, at the time the order was made, the defendant was indebted to Mulvy for an amount equal to the sum mentioned in the order; that the order was presented to him by the plaintiff, and that the defendant then said to him, " I accept the order; I will pay you in a short time." The defendant afterward refused to pay it, and this action was brought. The justice rendered judgment in favor of the plaintiff for the amount of the order, and the judgment was affirmed by the County Court.

At common law the oral acceptance would have been effectual, but, by the statute, acceptance in writing is requisite to charge the drawee as acceptor of a bill of exchange. (1 R. S., 768, § 6.) This order was a bill of exchange. The defendant is not chargeable as acceptor, because he did not accept in writing, nor was he made liable upon any promise, made before it was drawn, to accept it. But it is contended that the recovery can be supported, because he was indebted to the drawer, upon the grounds: 1. That the order operated as an equitable assignment of the claim due from the defendant to the drawer to, the amount of the draft. 2. That his promise to accept and pay was a promise to pay his own debt. The order, by its terms, appears to be a bill of exchange, and contains nothing to give to it the character or effect of an equitable assignment. In this State the doctrine is now well established that to give a draft or order the effect of such assignment it must, by its terms, be drawn upon a particular fund. (*Attorney General* v. *Continental Life Ins. Co.*, 71 N. Y., 325; *Brill* v. *Tuttle*, 81 id., 454.) But the omission to specify the fund in the order does not defeat the effect of an oral agreement of transfer by the drawer to the payee, and when so made it is effectual, and the order will be treated as authority to the drawee to pay. And such intention to transfer may be inferred from adequate circumstances when they are made to appear. (*Risley* v. *Phœnix Bank*, 83 N. Y., 318; *Coates* v. *First Nat. Bank of Emporia*, 91 N. Y., 20.)

There does not appear to have been any evidence of an agreement, or importing any understanding of transfer to the plaintiff, of that amount of the claim due from the defendant to Mulvy, or upon that subject, further than that it is represented by the terms

of the order; and, in view of the rule before stated, that alone does not furnish any evidence to that effect, nor is such proposition supported by the facts that the order was given on account of a debt due to the plaintiff from the drawer, and that the amount of it was due to the latter from the defendant. The rule on this subject in some of the United States is not in harmony with that of this State. The oral promise of the defendant, made to the plaintiff to pay the order, was alone no more effectual to charge him with liability than was his like promise to accept it. (*Luff* v. *Pope*, 5 Hill, 413; affirmed *Pope* v. *Luff*, 7 id., 577; *Cowperthwaite* v. *Sheffield*, 3 N. Y., 251; *Bookstaver* v. *Jayne*, 60 id., 146; *Risley* v. *Phœnix Bank*, 83 id., 318, 325.) The order unaccepted was merely a written request of the drawer that the defendant pay to the plaintiff its amount. And while the fact that the defendant was indebted to Mulvy was a reason why he ought to have paid his order, it is not seen how that fact made his oral promise to the plaintiff to pay the order effectual to create legal liability upon the ground that the promise was to pay his own debt. Such liability, when not supported by acceptance, must rest upon an original undertaking of the promissor, and have for its support a new consideration moving between the parties to the promise. (*Leonard* v. *Vredenburgh*, 8 Johns. 29; *Farley* v. *Cleveland*, 4 Cow., 432; *Johnson* v. *Gilbert*, 4 Hill, 178, *Brown* v. *Curtiss*, 2 N. Y., 225; *Mallory* v. *Gillett*, 21 id., 412, 419.) And a promise made by one person to another for the benefit of and to pay a third person a debt due him from the promisee, will not be within the statute of frauds, but will support an action in behalf of the person for whose benefit it is so made, when founded upon a consideration which creates a debt or liability of the promissor, for the discharge of which such promise is made. (*Barker* v. *Bucklin*, 2 Denio, 45; *Lawrence* v. *Fox*, 20 N. Y., 268; *Barker* v. *Bradley*, 42 id., 316; *Vrooman* v. *Turner*, 69 id., 280; *Pardee* v. *Treat*, 82 id., 385.)

In the present case there was no consideration as between the plaintiff and defendant to support the promise of the latter as an original undertaking to pay the order, and the promise was collateral to the debt he owed Mulvy, which still remained due to the latter. While the payment of the order would have had the effect to discharge it to that extent, the promise made to the plaintiff to pay

it had no effect upon it. The relation of the original parties to the debt remained the same.

In the cited case of *Lewis* v. *Berry* (64 Barb., 593), the order itself did not operate as an equitable assignment of that amount of the claim of the drawer against the drawee, to the payee. The rule upon that subject in this State may not then have been as clearly defined as it has been since by adjudication. And although the precise ground upon which the decision in that case was placed does not very clearly appear by it, reference in the opinion of the court is made to evidence of the drawer to the effect that the order was drawn " in pursuance of an agreement made with the defendant before it was given." There may have been an agreement between them which gave support to the action, and there may have been evidence tending to show a transfer by the drawer of the order to the payee.

No such agreement was in the case at bar, nor is there any evidence from which it can be inferred that a transfer was made by Mulvy of the claim to the plaintiff. And, therefore, there seems to be no support for the recovery. The moral equities are apparently with the plaintiff, and it would be quite satisfactory to find in the evidence anything which would legitimately permit an inference in support of the judgment. There is no question of pleading to aid the plaintiff.

The plaintiff alleges the indebtedness arising from the defendant's acceptance of the order and promise to pay it, which the latter by his answer denies. The issue was thus presented. The denial by the answer was as broad as the cause of action alleged by the complaint. The defense was dependent upon no affirmative matter. (*Marston* v. *Swett*, 66 N.Y., 206.)

The cited case of *Porter* v. *Wormser* (94 N. Y. 431) has no application to the situation presented by the pleadings in this case.

These views lead to the conclusion that the judgment of the County Court, and that of the Justice, must be reversed.

BARKER, P. J., HAIGHT and DWIGHT, JJ, concurred.

Judgment of the County Court, and that of the justice, reversed.