## IZZO v. LUDINGTON.

(Supreme Court, Appellate Division, Third Department. January 14, 1903.)

1. **ACTION FOR BALANCE DUE ON CONTRACT—CREDITS—EVIDENCE—SUFFICIENCY.**

    In an action for the balance due on a contract, defendant cannot set up as a defense liability for supplies furnished plaintiff's men, where he had no order from plaintiff therefor.

2. **SAME.**

    Defendant, sued for the balance on a contract, cannot set up a bill of a third party against plaintiff, indorsed "O. K.," with plaintiff's name, where there was no order from plaintiff on defendant to pay it.

3. **BILL OF EXCHANGE—ACCEPTANCE—VALIDITY.**

    Under the express provisions of Negotiable Instruments Law (Laws 1897, c. 612) § 220, an acceptance of a bill of exchange, to be valid, must be in writing, and signed by the drawee.

4. **EQUITABLE ASSIGNMENT—REQUISITES.**

    An order to pay money, to be effectual as an equitable assignment, must be drawn on a particular fund, and not generally.

5. **NOVATION—REQUISITES.**

    A mere order to pay money, drawn by the debtor on a third party in favor of his creditor, will not work a novation, but the creditor must agree to release the debtor and look to the third party for his demand, and the latter must bind himself to pay the same.

Appeal from trial term.

Action by Frank D. Izzo against Ira L. Ludington. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J. and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Lewis & McKay, for appellant.
Robert O. Bascom, for respondent.

CHESTER, J. The defendant was a railroad contractor, having a contract to construct an extension of the Greenwich & Johnsonville Railway. The plaintiff entered into a verbal contract with the defendant to furnish him such Italian laborers as he should need on the work. The terms of the contract are in dispute. The plaintiff claims that the defendant was to pay him $1 per head for each of the laborers furnished. The defendant, on the other hand, claims that the plaintiff was to pay him $1 each for such laborers. Plaintiff also claimed that he was to board and lodge the laborers so furnished, and that the defendant was to deduct the amount of their board from the wages due them, and pay it directly to the plaintiff, and alleged that pursuant to this arrangement the plaintiff did furnish board and lodging to them. Defendant admits that the plaintiff was to board and lodge the laborers, and that the agreement was that the defendant should deduct the amount of such board and lodging from their wages if the laborers consented, and claims that the plaintiff was to pay him 10 per cent. upon the amount of such board so collected. The defendant also alleges that the plaintiff's

¶ 4. See Assignments, vol. 4, Cent. Dig. § 95.

claim had been fully paid. Ten items of credit claimed by the defendant, including the items for head money under the contract, and for percentage on board bills, were controverted on the trial. The plaintiff's claim, as developed upon the trial, was for $1,568.24 for board bills of the men, and it was proven that the defendant had retained this amount from their wages. Plaintiff further claimed $345 for head money, which made a total indebtedness claimed against the defendant of $1,913.24. It was admitted in the answer that $814.86 had been paid by the defendant, thus leaving the balance claimed by the plaintiff $1,098.38. The verdict was in favor of the plaintiff for $1,093.38. From the judgment entered upon such verdict, and from an order denying a new trial, the defendant appeals, and urges that the verdict was contrary to and against the weight of evidence, and that the court made certain errors in its charge to the jury and in its rulings upon the trial.

While the plaintiff was the only witness to testify in his behalf, and the defendant had his own testimony,—that of his son and of a clerk in his employ,—yet the testimony of the plaintiff had sufficient corroboration in the defendant's evidence, and in the admissions of defendant found in the documentary evidence, to justify the jury in giving credit to his testimony, rather than to that of the defendant and his witnesses. The jury undoubtedly were also influenced somewhat against the credibility of the defendant by the fact that, while he was to keep the account between the parties, he did not produce the original books of entry on the trial, but produced an account made up to suit his purposes. The evidence as to the terms of the contract, and as to all of the items of credit claimed by the defendant, except three, was conflicting, and was properly submitted to the jury for their determination, and the verdict for the plaintiff had sufficient evidence to support it. The court correctly charged that the defendant was not entitled to credit for the other three items. The defendant claimed that these were plaintiff's orders on him, which he was legally bound to pay.

One of them was a bill of $14 for beer furnished by the Excelsior Bottling Works. The defendant had testified on his examination as a third party in supplementary proceedings that:

"The charge of $14 for the Excelsior Bottling Works was for beer furnished to Tony Martin, who was in charge of the shanty. He was out of beer. The men wanted beer, and I told Barber that, if he would let them have it, I would see that it was paid, and I have not paid it. I did not have any order from Izzo for this payment."

Under this testimony, there was nothing to submit to the jury, as it clearly appeared that this bill was not a proper credit against plaintiff's claim.

The next of these items was a bill of McMahon & Wells against the plaintiff for $160. It was indorsed: "O. K. Frank D. Izzo." This, at most, was an admission by plaintiff of the correctness of the bill. There is no order upon the defendant to pay it, and it falls far short of an acceptance or order which created a liability on the part of the defendant to pay it; nor had the defendant in fact paid it. The plaintiff testified that the name on the bill was his signa-

ture, but that he did not make the letters "O. K." thereon, and that he did not know what those letters meant. It is reasonable that this was so, as he was an Italian, unfamiliar with our language.

The next and last of these three items was a credit claimed for balance of plaintiff's account due the Ft. Edward Brewing Company, amounting to $51.96. For this two orders were given, of which the following are copies:

"Middle Falls, Oct. 4, 1901.

"Mr. I. M. Luddington: Pay to the order of Fort Edward Brewing Company money to balance account.　Frank D. Izzo."

"Fort Edward, N. Y., Oct. 15, 1901.

"Mr. I. M. Luddington, Greenwich, N. Y.—Dear Sir: On the 25th inst., pay day, please pay to the order of the Fort Edward Brewing Co. fifty dollars, and charge same to my account, & oblige.　Frank D. Izzo."

Neither of these orders was accepted in writing or paid by the defendant, but nevertheless he claims he is liable to the brewing company upon them, and therefore is entitled to a credit from the plaintiff in this action. If the plaintiff's direction to pay $50 to the order of the brewing company is regarded as a bill of exchange or negotiable instrument, within the definition contained in section 20 of the negotiable instruments law (chapter 612, Laws 1897), it will be seen by reference to section 220 of that law that, in order to make a valid acceptance, it must be in writing and signed by the drawee. There is no such acceptance here.

It is claimed, however, that these orders amount to an equitable assignment. The doctrine is well settled in this state that, to have the order effectual as an equitable assignment, it must be drawn on a particular fund, and not be payable generally. Brill v. Tuttle, 81 N. Y. 454, 37 Am. Rep. 515. One of these orders was a simple direction to pay; and the other, to pay $50, and charge to plaintiffs account. Neither was drawn upon a particular fund, so that there was no equitable assignment, and no liability upon the defendant to pay without being duly accepted. Shaver v. Telegraph Co., 57 N. Y. 459; Attorney General v. Continental Life Ins. Co., 71 N. Y. 325, 27 Am. Rep. 55; Weinhauer v. Morrison, 49 Hun, 498, 2 N. Y. Supp. 544. No such acceptance was shown.

Neither do I think that the facts proven with respect to these orders constitute a novation. That requires the creation of new contractual relations, as well as the extinguishment of old. There must be the consent of all the parties to the substitution, resulting in the extinction of the old obligation, and the creation of a valid new one. 21 Am. & Eng. Enc. Law (2d Ed.) 663; Ryan v. Pistone, 89 Hun, 78, 35 N. Y. Supp. 81. There is no proof here of any consent by McMahon & Wells or the brewing company to release Izzo, and to look to the defendant for their pay, nor of any valid agreement on the latter's part making him liable to them, and therefore the doctrine of novation does not apply.

I find no errors in the charge or the rulings of the court. The judgment and order should be affirmed, with costs. All concur.