In the Matter of the Last Will and Testament of GEORGE E. GIBBONS, Deceased.*

HERBERT LAWRENCE and Another, Appellants; WILLIAM G. BELL, Executor, etc., of GEORGE E. GIBBONS, Deceased, and Another, Respondents.

Third Department, December 30, 1931.

*Andrew J. Hanmer*, for the appellants.

*Horace C. Hale* and *Dunmore, Ferris & Dewey* [*Henry T. Dorrance* of counsel], for the respondent First National Bank of Canton.

*Bowers & Heffernan*, for the respondent William G. Bell, executor.

WHITMYER, J. George E. Gibbons, late of DeKalb Junction, St. Lawrence county, N. Y., died on May 19, 1930, leaving a last will and testament, executed on May 14, 1930, whereby he directed that any checks issued by him and outstanding at his death should

---

* Affg. 139 Misc. 658.

be treated as valid claims against his estate and should be paid by his executor. Then he gave, devised and bequeathed all of his property, real and personal, to the same persons and in the same shares as if he had died intestate.

He was upwards of eighty years of age. On May 17, 1930, he gave his nephew power of attorney in certain respects and authorized him, among other things, to sign checks to certain specified individuals in certain specified amounts. Thereupon, the nephew prepared the checks and delivered them to or for the payees, in testator's lifetime and afterwards. Two were cashed before his death. These are not questioned. The others were not presented until after his death.

Testator's widow is an incompetent and was not named in the will, and, through her committee, asked for its construction, with the result that the surrogate has made a decree that the said checks and the payment thereof are illegal, void and of no effect and restraining the payment thereof.

A check is an order on the bank to pay the sum therein named to the payee thereof. It does not constitute a transfer and delivery of the fund until payment, and does not constitute a gift until that time. (*Curry* v. *Powers*, 70 N. Y. 212; *Glennan* v. *Rochester Trust & S. D. Co.*, 209 id. 16.)

The checks in question were drawn after the execution of the will and were not identified therein as to payees or amounts. (*Dyer* v. *Erving*, 2 Dem. 160, 168; *Webb* v. *Day*, Id. 459; *Matter of Acres*, 128 Misc. 254, 257; 1 Schouler Wills, Executors and Administrators [6th ed.], § 460; 28 R. C. L. 113.)

The gifts, attempted to be made by them, were not complete. (Neg. Inst. Law, § 325; *Matter of Smither*, 30 Hun, 632.)

Testator's death revoked the power of attorney, and the checks drawn thereunder, but not cashed before his death, became void.

Moreover, some of them were not delivered until after his death.

It is apparent that some of the payees have claims in some amount. If so, they still have them. At any rate, the checks may not be treated as claims.

The decree should be affirmed.

All concur.

Decree affirmed, with costs to all parties filing briefs payable out of the estate.