S. Samuel Di Falco, S.
The executor under the decedent’s will petitioned the court to disallow and dismiss certain claims to property filed by Ramona Crehan. The executor alleged that except for disposition of these claims, the administration was virtually complete and the estate was ready for distribution. The time for institution of an action on the claim (Surrogate’s Ct. Act, § 211) had expired and the claim became triable only upon the judicial settlement of the executor’s account. An accounting proceeding was not deemed necessary by the persons interested in the estate. In her answer, the claimant alleged the existence of additional claims and stated that it was undecided whether to commence an action on the claims (meaning presumably the new claims) or present them in the accounting. The matter was set for hearing and at the opening of the hearing, the parties stipulated on the record to try the validity of the claims for all purposes. By stipulation, therefore, the parties have advanced the hearing and determination of the claims and in all other respects, the claims are to be tried as if presented on the judicial settlement of the account of the executor.
At the hearing, the claimant again amended and amplified her claim, and during the trial she further supplemented it by claiming a gift of an automobile which was not specified in any of the formal claims. Virtually all of the property sought by the claimant was allegedly given to her by the decedent.
The court holds that the claimant is entitled to the portrait of herself which was painted by the decedent. The testimony of the witness Viault satisfactorily establishes her ownership of that painting.
The court is satisfied from the evidence that the decedent gave to the claimant a diamond solitaire ring and a diamond *801 bracelet which had formerly been owned by his wife. While the estate tax appraisal shows the existence of two rings and two bracelets, the ones which were given to the claimant have been sufficiently described to enable the executor to identify them. The executor contends that the jewelry in issue had been distributed by him prior to any notice of the claim therefor. The executor must take appropriate steps for the return of property erroneously distributed as an estate asset. If he fails to do so, an accounting proceeding will become necessary so that the court will have before it all persons interested in the estate and all data pertaining to the estate administration.
There is no proof in the record that the decedent agreed to pay income taxes on the claimant’s salary or that he withheld any part of her salary for income tax purposes. Whether the decedent or his estate may be liable to the United States or may be subject to any penalties, is a matter not before this court. Insofar as this record shows, the estate is not liable to this claimant for any salary or wages withheld from her or for any damage to the claimant resulting from her failure to file a tax return.
The court holds that the claimant is not entitled to any part of the sum of $20,000 represented by the check which the decedent made out to her order. According to the testimony of the two witnesses for the claimant, the decedent gave the claimant a check to her order in that amount but the claimant gave it back to him, telling the decedent to keep it and she would draw against it. It is undisputed that the decedent took back the check. Presumably it has been destroyed.
To constitute a valid gift there must be delivery and acceptance of the subject matter of the gift. The claimant treats the transaction as an acceptance of the money by her and a deposit of it with the decedent. The fact is that she did not accept the check and she allowed the decedent to retain full dominion and control over the money. Even if the claimant had actually accepted the check, a gift of the money would not have been consummated until the proceeds of the check had been collected. (Matter of Mead, 90 Misc. 263, affd. 173 App. Div. 982, affd. 221 N. Y. 645; Matter of Kolben, 203 Misc. 1012, 1016.) Her return of the check prevented the consummation of a gift of the money.
There is no basis in this record for holding the decedent as a trustee for the benefit of the claimant.
The claimant has abandoned any claim to the portrait which the decedent made of himself, a clock radio, two books, a painting of a jug and items of clothing. There is, in any event, no proof in the record to support the claim to such articles.
*802 The court holds that the claimant has failed to establish her ownership of the automobile. Concededly it was owned by the decedent and would belong to the claimant only by virtue of a gift from the decedent. There was testimony that the decedent declared that the claimant was the owner of the car. There is no dispute that the registration continued in the name of the decedent úp to the time of his death, that he carried insurance on it as owner and that it was continued in the garage near his home and under his name. The claimant did not exercise the dominion and control of an owner. She used the car to transport the decedent. Indeed, in her answer in this proceeding, she alleges that she acted as his chauffeur and that she ‘ ‘ used to drive him in his automobile ” to the office of his physician in New Jersey. It was on one of these trips that one of the witnesses testified to the decedent’s declaration that it was the claimant’s car. Whatever intention the decedent had of completing such a gift was never carried through.
Delivery of the thing given is essential to constitute a valid gift. ‘1 The delivery must be such as to vest the donee with the control and dominion over the property and to absolutely divest the donor of his dominion and control, and the delivery must be made with the intent to vest the title of the property in the donee.” (Vincent v. Rix, 248 N. Y. 76, 83.) “ Intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given. * * * The delivery necessary to consummate a gift must be as perfect as the nature of the property and the circumstances and surroundings of the parties will reasonably permit.” (Matter of Van Alstyne, 207 N. Y. 298, 308-309.)
Had the decedent intended to make a completed gift of the car, he could have assigned ownership so as to permit registration in the claimant’s name or could have permitted her to take the car for her exclusive use. Even the claimant did not understand the gift to have been consummated, for she not only refers to it as ‘ ‘ his ’ ’ car in her pleading but she never made any formal claim to it until some time after hearing had progressed.
The court is satisfied on the evidence that the claimant was the owner of the combination television-record player-radio and that she is entitled to the possession of it.
Submit decree on notice disposing of the claims accordingly.