Joseph A. Cox, S.
A claim is asserted upon a $25,000 check which the decedent made and delivered to the claimant. The evidence was that the decedent had made gifts to the claimant over a period of years and on each of two occasions, immediately prior to a contemplated, journey of the decedent, he delivered a *208 check to the claimant with instructions to cash it only in the event of his death en route. Each of these times the check was delivered back to the decedent upon his return to New York. It is clear that such transactions were in the nature of attempted testamentary dispositions. The check upon which the claim rests was delivered in March, 1959 prior to the decedent’s departure for Europe. The decedent became ill in Europe and returned to the United States for surgery and medical treatment. He died in January, 1960. Thereafter the check was presented to the bank for payment but it was not honored.
The claim is not that the decedent made an effective gift and it is apparent that such a basis for a claim would not exist. (Matter of Goebel, 295 N. Y. 73; Matter of Mead, 90 Misc. 263, affd. 173 App. Div. 982, affd. 221 N. Y. 645; Matter of Gibbons, 234 App. Div. 153; Matter of Uris, 188 Misc. 772; Matter of Seyffert, 20 Misc 2d 799.) The claimant concedes that lack of consideration would constitute a defense to the claim but contends that there was consideration in the claimant’s forbearance from presenting the check for payment in the decedent’s lifetime in reliance upon his promise that the amount of the check would be paid after his death. The only merit to this argument is its ingeniousness. The significant fact is that there was not consideration for the delivery of the check. The decedent’s intent was to make a gift, although the claim is not pressed on that theory, and whether or not the decedent’s purpose was to make the gift effective only in the event of his death is not a controlling factor. A gift inter vivos was not accomplished in the decedent’s lifetime (Ann. 38 A. L. R. 2d 594) and the elements of a gift causa mortis are not here present (Ridden v. Thrall, 125 N. Y. 572, 579; Matter of Presender, 285 App. Div. 109). There is an intimation of a promise by the decedent to establish a trust for the claimant’s benefit and it is suggested that her forbearance from cashing the check, in reliance upon his creating a trust, constituted some form of consideration. This nebulous theory again rests upon the mistaken concept that the decedent was under some obligation to the claimant when in fact there was no consideration for the check and no consideration for any alleged promise to benefit the claimant in another manner. The decedent’s failure to establish a trust could not give rise to a claim against him and, concededly, he was privileged to require the return of the check in his lifetime. The claimant’s own statement of the arrangement was that there was no intention that the check be cashed in the decedent’s lifetime and, in view of this, her purported forbearance from violating the understanding was not a form of consideration.
*209 The contention that the decedent’s estate is estopped from asserting a defense to the claim is a suggestion that all established rules as to the requisites of a valid gift be discarded and every attempted gift be effectuated by depriving the alleged donor, or his representative, of an opportunity to challenge a claim of gift.
The claim is disallowed and the objection of the claimant is dismissed.