(45 Misc. Rep. 147)

## MOAK v. STEVENS.

(Supreme Court, Trial Term, Albany County. November, 1904.)

1. CHECK—DELIVERY—EVIDENCE.

After the death of the maker of a check the payee, who acted as nurse and physician to the deceased, presented it for payment. The check had been in possession of the payee a week after its date. There was evidence that the check was filled in, except the signature, in the handwriting of the payee; that the maker was accustomed to have about him unfilled printed checks signed in blank; and that the payee had stated shortly after the death of the maker that he had never given him anything except his salary. *Held*, that the evidence was insufficient to overcome the presumption of a valid delivery and of the existence of a sufficient consideration created by Negotiable Instrument Law, Laws 1897, pp. 725, 727, c. 612, §§ 35, 50.

2. SAME—UNDUE INFLUENCE.

In an action on a check, evidence *held* insufficient to show that the maker was in any way subject to the control of the payee of the check.

Action by Harris Moak against Ezra H. Stevens, executor of Ezra G. Benedict. Judgment for plaintiff.

Charles Irving Oliver, for plaintiff.
Randall J. LeBoeuf, for defendant.

BETTS, J. This is an action brought to recover on a check dated September 5, 1901, made by Ezra G. Benedict, defendant's testator, which is as follows:

"No. 2144                                    EZRA G. BENEDICT
                                "ALBANY, N. Y., *September* 5, 1901.
                    "Pay to the order of Harris Moak
"Ten Thousand Dollars                                    Dollars
    "To THE CHASE NATIONAL BANK
        OF NEW YORK
"$10,000.00/100                            E. G. BENEDICT."

It is claimed by the plaintiff that the check was delivered on the day of its date. Ezra G. Benedict died November 20, 1902. The check was not presented for payment until December 1, 1902, when payment was refused, and the same was protested. The defendant claims that there had been no delivery of the check, and no consideration therefor, and that, in any event, the check was fraudulent and void. It appears from the evidence that the plaintiff had been in the employment of the defendant's testator, Ezra G. Benedict, for some time prior

to September 5, 1901, as a nurse and physician, and on that day—September 5, 1901—a contract was entered into between plaintiff and Ezra G. Benedict by which Moak, the plaintiff, agreed to faithfully serve the said Benedict as companion, physician, nurse, and masseur for a period of one year for the sum of $2,700. It is shown by the plaintiff's brother that this check was in the possession of the plaintiff on or about the 14th day of September, 1901, a little over a week after the time it bears date; and it was also shown by the same witness to have been in the plaintiff's possession in December, 1901, and it is now in the possession of the plaintiff, and apparently has been ever since September 14, 1901, at least. By section 35 of the negotiable instruments law (Laws 1897, p. 725, c. 612) it is provided: "Where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved." There is no direct contradiction of this testimony as to possession by the plaintiff. It was shown by the defendant that this check was filled in in the handwriting of the plaintiff, excepting the signature. The signature is practically admitted to be genuine. It is also shown by the defendant that Benedict, the deceased, was at times accustomed to have about him checks signed in blank—that is, printed checks, all the blanks of which were unfilled, except his signature—and from that it is argued that the plaintiff may have surreptitiously obtained a blank check and have filled in the amount, name, date, etc. The defendant proved that after the date of this check Moak had complained to a friend of Benedict's that Benedict had never given him (Moak) anything except his salary. It was also testified that subsequent to the death of Benedict, and while his will was under discussion, the plaintiff said, in substance, that he was left out in the cold, cold world. It is claimed on behalf of the plaintiff that this conversation directly after the death of Benedict was solely in relation to his not being left anything in the will. The plaintiff does not claim this note as a gift, but as a valid business transaction. He was produced upon the trial, and asked as to the circumstances attending its execution, delivery, and consideration, but was not permitted to testify thereto; section 829 of the Code being successfully urged as a barrier to his so testifying.

I am of the opinion that under the decisions the defendant has not overcome the force of the presumption under section 35 of the statute as to negotiable instruments and the possession of the check. Ordinarily, the possession and production of a note will raise a presumption of delivery. Cowee v. Cornell, 75 N. Y. 96, 31 Am. Rep. 428; Carnwright v. Gray, 127 N. Y. 92, 27 N. E. 835, 12 L. R. A. 845, 24 Am. St. Rep. 424. As to the consideration, practically the same evidence bears thereon as to delivery. Section 50 of the negotiable instruments law (Laws 1897, p. 727, c. 612) is as follows: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

It is also urged on the question of consideration by the defendant that the plaintiff was a young physician, who was receiving $2,700 a year for his services; that a confidential relation existed between the

parties, and that the transactions between them should be carefully scrutinized upon the subject of consideration; that they were not shown to have any other business relations except the contract relation, and it was extremely unlikely that any business relations could have been had between them that would induce the giving of a $10,000 check by Benedict, the deceased, to the plaintiff. As we have seen, the plaintiff was, by the interposition of the statute, prevented from giving any evidence upon the question of consideration. The evidence that is presented here as to the possession of this check by the plaintiff does not bear at all upon or grow out of the confidential relation of physician and patient. The defendant's claim as to this check is substantially that it was filled in by the plaintiff; in other words, that the plaintiff abstracted this blank check with the signature of Ezra C. Benedict thereon, and filled in this amount, his own name, and the date. He did not do that by virtue of the relation of physician and patient, but by reason of the opportunity of access that came to him by being in the house and about the premises occupied by this old gentleman. Such evidence as is given as to the strength of character, ability to transact business, and the general disposition of the deceased person negatives very strongly that this stripling of a physician could exercise any undue influence over him. He was apparently, so far as business matters were concerned, as is disclosed by this evidence, capable of taking care of himself; and it does not appear on any occasion or under any circumstances he ever called upon this plaintiff to assist him in his business matters, or rely upon his judgment or advice in any way therein. So that I am of opinion that no case is made out here that would justify the court in holding that Mr. Benedict was in any way subject to the control of the plaintiff except simply as to physical care.

Although the case is not without difficulties, I think that sufficient proof was not presented by the defendant as to the relation of the parties and upon the question of consideration to overcome the presumption of the statutes within the decisions. Carnwright v. Gray, supra; Raubitschek v. Blank, 80 N. Y. 480. I am of the opinion that under the evidence submitted the court will not be justified in holding, in effect, that this plaintiff has forged this check, for that is what the claim of the defendant amounts to. The check was shown in plaintiff's possession shortly after its date, and it has so continued there, and I think that under the statute and decisions thereunder he is entitled to recover in this case. Judgment may be entered accordingly.

Judgment accordingly.