*In re* HUBBARD'S ESTATE.

APPEAL OF WOOD.

1. BILLS AND NOTES—NEGOTIABLE INSTRUMENTS PRESUMED ISSUED FOR VALUABLE CONSIDERATION.

Checks, which are negotiable instruments, are presumed to have been issued for valuable consideration (2 Comp. Laws 1929, § 9273).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—BRIEFS.

Question as to whether inadmissible evidence, received without objection, can be excluded on a motion for a new trial, is not discussed where not raised by the briefs.

3. BILLS AND NOTES—CONSIDERATION—PRESUMPTIONS—EVIDENCE.

In proceeding to recover amount of checks from estate of their maker, evidence admitted *held*, not to contain proof overcoming presumption of consideration (2 Comp. Laws 1929, § 9273).

4. SAME—CHECKS—CLAIM FOR SERVICES AGAINST MAKER'S ESTATE— EVIDENCE.

Fact that payee of two checks also presented a claim against maker's estate for services, from allowance of which claim no appeal was taken, *held*, to have no bearing upon issue as to whether there was consideration for the checks in payee's proceeding to recover amount thereof against maker's estate where testimony failed to disclose checks had any connection with her claim for services.

Appeal from Eaton; McPeek (Russell R.), J. Submitted October 6, 1938. (Docket No. 51, Calendar No. 40,224.) Decided November 10, 1938.

In the matter of the estate of Dorcas Hubbard, deceased. Hattie Wood filed her claim for face amount of two checks given her by deceased. Claim disallowed. Claimant appealed to circuit court. Claim disallowed. On motion to set aside judgment and to enter judgment for claimant, judgment entered for claimant. Estate of Dorcas Hubbard appeals. Affirmed.

*Walter R. McLean* and *Richard I. Lawson,* for plaintiff.

*Rex A. Spafford* and *T. Carl Holbrook,* for defendant.

BUSHNELL, J. Claimant, Hattie Wood, was employed by Mrs. Dorcas Hubbard, deceased, as house-

keeper and nurse. Mrs. Hubbard issued a check for $100 to claimant in February of 1936, one for $500 on June 13, 1936, and another for $500 on August 1, 1936. The $100 check was paid to Mrs. Wood's daughter by the Grand Ledge State Bank on September 30, 1936, it being the drawee on all the checks. At the same time she presented the two $500 checks but payment was refused on them by the bank because there were insufficient funds in Mrs. Hubbard's commercial account to cover these two checks. However, there was an adequate balance in her savings account to meet these items. On previous occasions there had been transfers, with Mrs. Hubbard's permission, from the savings account to pay checks, but no such permission had been given in this instance.

It appears that Mrs. Wood was paid $5 per week for her services during the deceased's lifetime, and her claim for 226 hours of nursing at 50 cents per hour during Mrs. Hubbard's last illness and for some minor expenditures was allowed in the probate court. No appeal was taken on this claim. Following Mrs. Hubbard's death on October 3, 1936, Mrs. Wood also filed a claim against the estate in the sum of $1,000, based on the two above mentioned checks. The estate insisted in the circuit court that the proofs failed to establish either a gift from Dorcas Hubbard to the claimant or consideration for the two checks. Motions for directed verdict having been made by each side, the court discharged the jury and, after hearing arguments of counsel, decided that—"any claim of adequate consideration for these checks is rebutted by the entire record, * * * that the execution of these checks was in contemplation of a gift by deceased to Mrs. Wood, contingent upon the extent of her necessities, and their

effect upon her estate, and in that undetermined state they continued to her death, thus lacking the essential elements of certainty which must characterize a gift *inter vivos.*'' A judgment was entered denying the claim. Claimant then moved to set aside the judgment and enter one for claimant or to grant her a new trial. On consideration, the court held that a portion of the testimony of the vice-president of the drawee bank was inadmissible and should be rejected, and that, because of the reasons given in *Moak* v. *Stevens,* 45 Misc. 147 (91 N. Y. Supp. 903), the evidence was insufficient to overcome the presumption of a valid delivery under the negotiable instrument law, 2 Comp. Laws 1929, §§ 9265, 9273 (Stat. Ann. §§ 19.58, 19.66). The court, therefore, set aside the first judgment and entered one for claimant in the sum of $1,000. The appellant estate renews the same questions here that were raised in the trial court on its motion for a directed verdict.

The two checks in question are negotiable instruments and, upon their face, are deemed to have been issued for a valuable consideration. Under the Negotiable Instrument Law, 2 Comp. Laws 1929, § 9248 *et seq.* (Stat. Ann. § 19.41 *et seq.*):

''Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.'' 2 Comp. Laws 1929, § 9273 (Stat. Ann. § 19.66).

The decisive question in this appeal is whether there is any proof to overcome the presumption of consideration.

The testimony offered in opposition to this presumption was introduced on the examination of Towner, vice-president of the drawee bank, who is

also executor of the last will and testament of Mrs. Hubbard. He testified in part as follows:

"*Q.* How did you happen to say to Miss Wood that the pass book must be presented?

"*A.* The checks were presented by Miss Wood. I told her that there was not sufficient money in the checking account to pay the checks; that there was sufficient to pay the $100 one. She asked, if we had the savings bank book if I would pay for it. I told her that I would consider it. I questioned her about the checks, when they were given, why they were given, *et cetera,* and decided that I would have a little opportunity to think over what I should do while she was after the books. When she came back I refused to pay them.

"*Q.* What was really wrong with them?

"*A.* In the first place, Miss Wood said that the checks were given to her mother by Dorcas Hubbard, with the request that she did not cash them until Mrs. Wood knew that Mrs. Hubbard wasn't going to get well."

Upon direct examination by the attorney for the estate, Towner testified as follows:

"*Q.* On the occasion in question, you said the daughter of Hattie Wood presented these checks?

"*A.* She did.

"*Q.* Pauline Wood?

"*A.* She did.

"*Q.* Did you have any conversation with her as to why the checks had not been presented previous?

"*A.* I did.

"*Q.* And what did she say?

"*A.* She said that her mother told her that the checks had been given to her by Mrs. Hubbard, but they were not to be cashed until Mrs. Wood knew that Mrs. Hubbard was not going to get well."

This testimony did not bear upon the question of consideration but, at most, it tended to show a de-

livery, conditional on plaintiff's knowledge that Mrs. Hubbard would not recover from her illness. That issue is now immaterial since the condition of the delivery has been satisfied.

Without passing on the question of whether inadmissible evidence, received without objection, can be excluded on a motion for new trial, that problem not having been raised by the briefs, we hold that the evidence as admitted does not contain any proof that overcomes the presumption of consideration. See *Union Trust Co.* v. *Morgans,* 140 Mich. 134.

Nor does the unappealed allowance of Mrs. Wood's claim for services have any bearing upon the matter of consideration for the checks, there being nothing in the testimony to indicate that the checks had any connection with her claim for services.

It is not necessary, in view of the foregoing, to pass upon the question of whether or not the execution of the two checks contemplated a gift by the deceased to appellee.

We are in accord with the determination of the trial judge that, in the light of the evidence adduced in this record, judgment should have been entered for claimant. That judgment is affirmed, with costs to appellee.

WIEST, C. J., and SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.