GILMOUR, Admr. v. CROSS

Ohio Appeals, 1st Dist., Warren Co.

No. 111. Decided June 22, 1925

**902. QUANTUM MERUIT**—Promise to pay for services rendered without definite arrangements as to compensation therefor, does not preclude an action on quantum meruit.

HAMILTON, J.

Addie Cross brought an action in the Warren Common Pleas against W. C. Gilmour, administrator of the estate of Robert Gilmour, deceased, to recover for personal services rendered the deceased during his lifetime.

The defense was a general denial; the claim that the "family relationship" between the parties, precluding a recovery in absence of an express contract; and further that all services were rendered under a special farming contract between the husband of Allie Cross and the decedent. The jury returned a verdict for Cross and judgment was entered thereon. Error was prosecuted and it was urged that there is a variance between the proof adduced and the claim alleged in the petition in that the testimony tended to prove a contract, while the petition was based on the theory of quantum meruit. The Court of Appeals held:

1. This proposition is not impressive since under the code great liberality is permitted in the pleadings for the purpose of arriving at the ends of justice.

2. Moreover, a promise to pay for services rendered, without definite arrangements as to compensation therefor, does not preclude the bringing of an action on quantum meruit.

3. Instead of showing that a family relationship existed, the evidence is clearly to the contrary and inconsistent with such idea.

4. There is some evidence tending to show that board furnished under the cropping arrangements with the husband was not part of the contract.

5. The jury returned a verdict approximately $1000 less than the amount sued for; and it must therefore have taken into consideration the question of board since the value of services as disclosed by the evidence was even greater than the amount claimed.

6. This was a case peculiarly for the jury, and was fairly submitted. There is no prejudicial error in the record, and judgment will be affirmed.

Judgment affirmed.

**Attorneys**—Eltzroth, Maple & Maple for Gilmour; Shawhan & Brown for Cross; all of Lebanon.