HARPER, APPELLEE, *v.* MILLER, D. B. A. MILLER AVIATION CO., APPELLANT.

(No. 1065—Decided May 29, 1957.)

*Messrs. Moore & Myers,* for appellee.
*Messrs. Moloney & Kelly,* for appellant.

MIDDLETON, P. J.   This is an appeal on questions of law by the defendant from a judgment of the Common Pleas Court entered for the plaintiff in the sum of $1,914.74, plus interest.

Plaintiff, for his cause of action, states in his petition, in

substance, that the defendant, at the time of the acts complained of, was the owner and operator of the Miller Aviation Company which maintains a flying school and airport at Marion, Ohio; that on or about April 15, 1950, the plaintiff and the defendant entered into an oral contract by the terms of which plaintiff agreed to work for defendant on a part-time basis at the rate of one dollar per hour, and that plaintiff should be paid for his labor on the basis of one-half in cash and one-half in flying lessons of the agreed value of eight dollars per hour; that plaintiff, pursuant to such contract, entered the employ of the defendant on the basis of the terms of the contract; that the contract was later modified by oral agreement of the parties, in the respect that plaintiff was to receive payment for his labor, entirely in flying lessons; and that, in all other respects, the provisions of the original contract as above stated were to remain in full force and effect. The plaintiff then avers that the contract was again modified by the parties and that from time to time the defendant paid and plaintiff accepted payment in money and purchases of supplies, for his labor performed pursuant to such contract.

The plaintiff then states that from April 15 to and including September 29, 1952, pursuant to such contract he worked a total of 3,225 hours and thereby earned a total of $3,225; and that in payment thereof defendant paid plaintiff $156.93 in cash and $1,153.33 in flying lessons.

Plaintiff further states that on or about September 29, 1952, defendant refused to perform his obligations under the contract, in that he refused to furnish flying lessons to plaintiff or to pay plaintiff for his labor performed pursuant to such contract and remaining uncompensated; and that there is due and owing plaintiff from defendant the sum of $1,914.74, which sum is the fair and reasonable value of the services performed pursuant to the contract.

The defendant answered, admitting that he was the owner and former operator of an airport located at Marion, Ohio, and denying all other allegations of the petition.

The first and second assignments of error are directed to the claim that the verdict is against the weight of the evidence and that the verdict is contrary to law.

We find, upon an examination of the bill of exceptions, that

there is competent, credible and substantial evidence tending to prove every essential fact necessary to sustain the verdict, so that the verdict is not contrary to the weight of the evidence and the verdict and judgment are not contrary to law. We hold these assignments of error not well taken.

The third assignment is that the court erred in overruling the defendant's motion to withdraw a juror and to declare a mistrial for misconduct of counsel for plaintiff.

The court is of the opinion that the record does not support the claim of misconduct on the part of counsel for plaintiff, or that such claimed misconduct was prejudicial to defendant. Upon objection by counsel for defendant the jury was properly admonished to disregard the comment complained of. If the comment of counsel could be construed as misconduct, the timely admonition of the court was sufficient to remove any prejudicial effect of such comment on defendant's case. This assignment of error is not well taken.

The fourth assignment of error is the overruling by the court of defendant's motion for judgment on the pleadings, made at the beginning of the trial.

Defendant's motion was based upon the claim that plaintiff's petition failed to set forth a cause of action. The plaintiff's petition is one for damages for the breach of an express contract. It sets forth the terms of the contract, the performance by the plaintiff of his obligations under the contract, the breach of the contract by the defendant and damages resulting to plaintiff by reason of such breach. Plaintiff's petition satisfied all the necessary averments upon which to base a cause of action upon an express contract, and this assignment is not well taken.

The fifth assignment of error is predicated upon the same grounds advanced in support of prior assignments of error, and, therefore, without further comment, we hold this assignment is not supported by the record.

The defendant assigns as his sixth assignment of error, the error of the court in giving to the jury before argument the four special charges requested by the plaintiff.

Charge number 1, as given by the court, is as follows:

"The court charges the jury as a matter of law that one

party to an agreement or contract cannot himself and without the consent of the other make a substantial change in the place where the agreement is to be performed. By 'substantial' the court means such a change as would increase the time or money to be expended in getting to such a place. Therefore, in this case the court says to you that if the parties understood that the defendant, Henry Miller, was to furnish flying instructions at the Miller Airport south of Marion and if the jury further finds that the Miller Airport was closed and re-established near Delaware, then in that case it would not be necessary for the plaintiff, Theodore Harper, to go to Delaware to receive his instructions, if such required him to travel a greater distance.''

A careful reading of the record discloses that this charge is not supported by the evidence. There is no evidence that either party made or attempted to make any change in the place where the agreement was to be performed. There is no evidence that the Miller Airport south of Marion was closed and re-established near Delaware. It follows that there is nothing in the evidence to support the charge that, in the event the above facts were established, it would not be necessary for plaintiff to go to Delaware to receive his instructions. The evidence, as it appears in the record, definitely contradicts the facts upon which this charge is based. The plaintiff testified that he asked the defendant to be allowed to complete his flying instructions at Delaware, and that the defendant refused. Defendant testified that plaintiff asked him to be allowed to complete his flying lessons at Delaware and that he refused such request. The facts in this regard are conceded by the parties and no dispute exists in the facts upon which the charge is based. The jury, therefore, could not have been misled by the charge.

But while this charge is not supported by the evidence, is it prejudicial to the defendant? The defendant does not state in what respect he claims the charge is prejudicial other than to state the facts do not support the charge. The fact that the charge is not addressed to the evidence does not require a reversal of the judgment unless it is prejudicial to the party against whom it is directed.

In the case of *Cleveland Ry. Co.* v. *Duralia,* 30 Ohio App.,

389, 165 N. E., 358, a personal injury case, the court, in its opinion, states on page 399:

"* * * Consequently, any instruction upon this specification of negligence could not be prejudicial, because the actual facts, being conceded, were so patent to the jury that they could not be misled from the truth even though the court charged thereon."

This court adopts the above statement and, applying the same to the case at bar, we hold that the charge as given was erroneous but was not prejudicial to the appellant and, therefore, does not require a reversal of the judgment.

Defendant's complaint as to special charge number 2, as stated in his brief, is that the charge unduly stresses the alleged breach of the contract by the defendant, and that the charge amounts to practically a direction of a verdict for plaintiff, with a specification of the amount of the verdict to be returned. The court does not believe this complaint is well founded. The charge as given states the correct law in the event the jury finds an express contract existed between plaintiff and defendant, and responds to the evidence as found in the record. The court finds no error in this charge as given.

Charge number 3 is a charge based upon the rule that an implied contract exists for services rendered and work performed by one party for another when knowingly accepted by such party, and implies an obligation to pay what such service is reasonably worth. The charge correctly states the law relating to recovery on *quantum meruit* for services rendered under an implied contract, and the charge as given is applied to the facts as brought out in the evidence. While plaintiff's claim, as set out in his petition, is grounded upon an express contract, this fact would not bar recovery on *quantum meruit* if the jury found the evidence failed to prove an express contract but did prove an implied contract, under the rule laid down in the charge.

"One of the points of error urged is that there is a variance between the proof adduced and the claim alleged in the petition, in that the testimony tended to prove a contract, while the petition declared on *quantum meruit*. We are not impressed with

this proposition, since, under the Code, great liberality is permitted in the pleadings for the purpose of arriving at the ends of justice. Moreover, a promise it pay for services rendered, without definite arrangements as to the compensation therefor does not preclude the bringing of an action on *quantum meruit.*'' *Gilmour, Admr., v. Cross,* 20 Ohio App., 127, at page 128, 151 N. E., 782.

''1. An action upon an express contract for real estate commissions and a second cause of action set forth in the same petition, based upon the same transaction and in which recovery upon a *quantum meruit* is sought, are not inconsistent and the court may, in its discretion, overrule a motion to compel plaintiff to elect between them.'' *Fugman* v. *Trostler,* 24 C. C. (N. S.), 521, 34 C. D., 746.

See, *Neuman* v. *McGregor,* 5 Ohio, 349, 24 Am. Dec., 293, and, also, *Towsley* v. *Moore,* 30 Ohio St., 184, 27 Am. Rep., 434.

We find the court did not err in giving charge number 3.

Charge number 4 is supported by a long line of authorities.

''It is a well-established general rule, supported by abundance of authority everywhere, that the principal is chargeable with and bound by the knowledge of or notice to his agent received by the agent in due course of his employment, with reference to matters to which his authority extends, even though such knowledge or notice is not actually communicated to the principal.'' 2 Ohio Jurisprudence (2d), 233, Agency, Section 163.

This charge of the court is not a statement of an abstract proposition of law but addresses itself to the evidence as found in the record. In the giving of this charge the court finds no error.

Pursuant to the prerogative given the court to disregard errors not argued by brief, assignments of error numbers 7 and 8, not being argued in defendant's brief, will be disregarded.

When the verdict of the jury is tested by averments contained in the petition, and the evidence appearing in the record, it is apparent that the jury found that there was an express contract existing between plaintiff and defendant and that the contract had been breached by the defendant to plaintiff's damage in the exact amount claimed by plaintiff.

The judgment of the court below will be, and hereby is, affirmed.

*Judgment affirmed.*

YOUNGER and GUERNSEY, JJ., concur.