OPINION
This is the second appeal before this court from a summary judgment of the Portage County Court of Common Pleas. The matter was before the trial court, on remand from this court, solely on a claim for breach of contract. Summary judgment was granted in favor of appellees: the Portage Metropolitan Housing Authority ("PMHA"); members of the PMHA board of directors, Robert A. Durst, John Davison, Benito Antognoli, Thomas J. Sicuro, and Jack Crews; PMHA Director Christie Anderson ("Anderson"); and PMHA employee Thomas A. Smith ("Smith").
Appellants, LRL Properties and LRL Properties II, Ltd., are the former owners of a large-scale, low-income housing project called Kenwood Courts, which is comprised of 216 apartments in Phase I, owned by LRL, and 228 apartments in Phase II, owned by LRL II. Appellant Melvin S. Ross ("Ross") is a general partner of both LRL entities. Many of Kenwood Courts' tenants participate in either the Section 8 Existing Housing Program or the Section 8 Moderate Rehabilitation Program. The Moderate Rehabilitation program guarantees private rental property owners a rental subsidy for low income tenants for a period of fifteen years if the property is renovated to HUD standards.
PMHA is a political subdivision of the state of Ohio with the authority to administer low-income housing programs in Portage County, Ohio. As an agent of the Department of Housing and Urban Development ("HUD"), PMHA administers the Section 8 housing programs in Portage County. In 1985 and 1986, PMHA awarded appellants one hundred twenty-nine Moderate Rehabilitation Units. The rent subsidies at issue in the instant appeal are governed by the terms set forth in the Housing Assistance Program Contract ("HAP"). Pursuant to the HAP, the public housing agency shall annually increase the amount of rent paid to the owner, so long as the contract unit is in a decent, safe, and sanitary condition.
In February 1994, appellants filed a complaint against appellees alleging tortious interference with business relations, defamation, conspiracy to defame, fraud, and breach of contract. Appellees moved for summary judgment. Following the decision of the trial court granting summary judgment in favor of appellees on all claims, appellants appealed to this court. LRL Properties, v. Portage Metro. Hous. Auth., (Dec. 17, 1999), 11th Dist. No. 98-P-0070, 1999 Ohio App. LEXIS 6130, ("LRL I").
Upon review, we held that summary judgment should not have been granted on appellants' breach of contract claim; however, we concluded that the trial court appropriately granted summary judgment on appellants' tort claims. LRL I at *30-31. Accordingly, we reversed, in part, and remanded the case solely on the claim of breach of contract. Id.
On remand from this court, appellees again moved for summary judgment alleging that appellants had no evidence to support their breach of contract claim. In their June 20, 2000 motion for summary judgment, appellees asserted that appellants failed to set forth any factual or documentary basis for the claim of breach of contract, failed to exhaust their administrative remedies, and that their contract claims were barred by the doctrines of estoppel and waiver. Additionally, appellees argued that they were entitled to sovereign immunity. Appellants opposed summary judgment.
The trial court granted summary judgment in favor of appellees, reasoning that appellees satisfied their initial burden of demonstrating that appellants had no evidence to demonstrate that appellees breached their contract. From this judgment, appellants filed a timely notice of appeal with this court. Appellants now assert the following assignment of error for our review:
 "[1.] The trial court erred when it granted summary judgment in favor of [appellees] on [appellants'] breach of contract claim."
 Appellants' sole assignment of error is divided into the following issues:
 "[A.] The trial court erred when it failed to recognize that the plaintiffs demonstrated, at a minimum, an inference of bad faith so as to defeat defendants' claim of immunity.
 "[B.] The trial court erred when it granted defendants' motion for summary judgment on the plaintiffs' claim for breach of contract."
With regard to appellants' first issue, we previously disposed of the issue of governmental immunity in LRL I, which is now the law of the case. The issue of whether appellees acted with malice is immaterial to the issue of breach of contract; it is not a tort claim. Further, the defenses of estoppel and waiver, having not been raised previously, are barred by res judicata.
In the second issue presented to this court for review, appellants argue that the trial court erred in granting appellees' motion for summary judgment. Pursuant to Civ.R. 56, summary judgment is proper when: "`(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Welco Indus., Inc. v. AppliedCos. (1993), 67 Ohio St.3d 344, 346, quoting Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327. "* * * [A] party seeking summary judgment on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt, 75 Ohio St.3d 280,293, 1996-Ohio-107. In order to discharge its burden under Civ.R. 56, "* * * the moving party must be able to specifically point to some evidence
of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." (Emphasis sic.) Dresher, at 293. If the moving party has satisfied this initial burden, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing that there is a genuine issue for trial. Dresher, at 293.
Hence, the sole question of law posed on summary judgment and reviewed here de novo is whether appellees set forth evidence demonstrating that appellants have no evidence to prove their allegation that appellees breached a HAP Contract. The pertinent portions of the HAP Contract are as follows:
"4. MAINTENANCE, OPERATION AND INSPECTION
 "(A) The Owner agrees to maintain and operate the Contract unit and related facilities to provide decent, safe and sanitary housing * * *." [Emphasis added]
"8. RENT ADJUSTMENTS
 "(A) If the Contract [housing] unit is in decent, safe and sanitary condition and the Owner is otherwise in compliance with the terms of the Lease and this Contract, the Contract rent shall be adjusted as follows:
 "(1) The Contract rent shall be adjusted as of any annual anniversary date of the Contract using the applicable Section 8 Annual Adjustment Factor most recently published by HUD in the Federal Register. The Contract rent may be adjusted upward or downward. However, in no case shall the adjusted rent be less than the Contract rent on the effective date of this Contract."
Hence, an owner is in violation of paragraphs 4(A) and 8(A) of their HAP Contract, when any of the housing units in a facility are not in a decent, safe, and sanitary condition, thereby negating any obligation on the part of the housing authority to increase the annual rent.
"Generally, a breach of contract action is pleaded by stating (1) the terms of the contract, (2) the performance by the plaintiff of his obligations, (3) the breach by the defendant, (4) damages, and (5) consideration." Allen v. Znidarsic Bros., Inc. (Dec. 29, 2000), 11th Dist. No. 99-L-088, 2000 Ohio App. LEXIS 6206, at *8., citing Harper v.Miller, (1957), 109 Ohio App. 269 and American Sales, Inc. v. Boffo
(1991), 71 Ohio App.3d 168, 175. Accordingly, in order to succeed on summary judgment, in this case, appellees must point to evidence demonstrating that appellants failed to meet the condition precedent of maintaining decent, safe, and sanitary housing.
The trial court granted summary judgment, reasoning that the evidence presented by appellees showed that the Kenwood Courts apartments were in a deplorable condition, thus negating appellees' obligation to provide annual rent increases. Upon review, we reach the same conclusion.
In their June 20, 2000 motion for summary judgment, appellees argued that appellants could not prove the essential elements of breach of contract because the housing units were not in a decent, safe, and sanitary condition. In support of this argument, appellees pointed to Smith's affidavit and report of February 13, 1990, and Anderson's affidavit. In Smith's affidavit, he averred that a number of units failed HUD's Housing Quality Standards. His inspection report, which listed deficiencies in a number of Kenwood Courts' housing units in 1989 and 1990, demonstrates that the units were not in a decent, safe, and sanitary condition. In Anderson's affidavit, she stated that, to her knowledge, all pertinent regulations were complied with in the administration of all HAP Contracts with Kenwood Courts. Further, Smith's previous affidavit was supplemented with the report of Daniel J. Gargis, who inspected Kenwood Courts in 1992, and confirmed that "all units failed HUD Quality standards[.]" The evidence shows that appellants were in violation of paragraphs 4(A) and 8(A) of their HAP Contract.
Upon review, we conclude that appellees discharged their burden under Civ.R. 56 by pointing to evidence listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims. Dresher at 293. Having concluded that the moving party has satisfied this initial burden, we must examine whether the nonmoving party has met its reciprocal burden under Civ.R. 56(E) to set forth facts showing that there is a genuine issue for trial. Dresher at 293.
Appellants argue that they have met their reciprocal burden, under Civ.R. 56(E), by introducing Ross' affidavit wherein he attested that "[t]o the best of [his] knowledge Kenwood Courts was never legally determined to be unsafe, in indecent condition or unsanitary." However, Ross' affidavit does not set forth any facts to demonstrate that there is a genuine issue for trial.
The record is devoid of any evidence that the Kenwood Courts housing units were in a safe, decent, and sanitary condition. Appellants failed to submit any evidence demonstrating that a genuine issue of material fact exists as to whether the housing units were in a safe, decent, and sanitary condition, thus entitling them to annual rent increases. Thus, appellants have failed to meet their burden under Civ.R. 56(E). Appellants' sole assignment of error lacks merit.
In summation, appellees have satisfied their initial burden of showing that appellants have no evidence to support their claim of breach of contract. Appellants have failed to meet their reciprocal burden of presenting sufficient competent, credible evidence demonstrating a genuine issue of material fact as to whether appellees breached their HAP Contract. Thus, construing the evidence most strongly in appellants' favor, reasonable minds can come to but one conclusion and that conclusion is adverse to appellants.
Based on the foregoing, the judgment of the Portage County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P. J., DIANE V. GRENDELL J., concur.