## SILBERMAN v NATL CITY BANK of CLEVELAND

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10130. Decided April 21, 1930

Klein, Harris & Diehm, Cleveland, for Silberman.

Cannon, Speith, Taggart, Spring & Annat, Cleveland, for Bank.

## VICKERY, PJ.

There does not seem to be any dispute but that at this time this much money was due. Now, it is claimed that there is error in this record prejudicial to the plaintiff in error in several respects: First, that she was induced to sign this guaranty by false and fraudulent representations which were communicated to her by her son, who, as she claims, was repeating to her what he had been instructed to repeat to her by the managing officer of the bank who had this matter in charge, and that those statements were, as a matter of fact, false, and were known to be false by the managing officer of the bank, and that she not knowing anything about them, but believing them to be true, relied upon those statements made by her son who, it is claimed, had repeated only what he had been told to repeat by the officer of the bank to her and, therefore, she was not a voluntary signer of this paper, but did so only through the false representations of the bank, through its special agent for this purpose constituted, to-wit, her son, who was delegated as it is claimed, to report to her what the officers of the bank had said in regard to the indebtedness of the S. Silberman Company to the bank, in that it would not enlarge or change her liability at all, inasmuch as it had a former guaranty which covered the same questions.

Another claim was that this contract was without consideration, and another claim was that she, as a matter of fact, did not sign this contract at all; that her mark was put on the paper without her knowledge or consent.

If these things were sustained by the evidence, they would constitute a very serious defense to the right of the bank to recover against the plaintiff in error; but the record shows that, while it is true that the son got his mother to sign this document and took it to the bank, it seems that the bank officer was not satisfied and he called Mrs. Silberman in to the bank after the guaranty had been signed by her,—if it were signed by her,—and the whole matter was put up to her and she then said that the mark upon the paper was her mark and I believe, as the officer claims, the whole transaction was ratified. In addition to this, the officer of the bank denies ever having authorized the son to make any representations of any kind; but says that he simply sent the paper out to get the mother's signature upon it; that when

the son brought the paper back with what purported to be her mark upon it, he called her in to make sure, and she admitted it was her mark, and that at that time he went over the whole matter with her.

So far as the evidence is concerned, we can only come to the conclusion that the court had the matter before it and had the right to weigh the evidence, and we cannot say that his finding in this respect is so manifestly contrary to the weight of the evidence that a reviewing court would be justified in reversing the judgment.

But now there are some other errors and they are in the nature of errors of law, and one must admit in reading the charge of the court in this case that the court rather misconceived the effect of a written instrument. He stated to the jury that the contract was in writing and, therefore, it imported a consideration, and it stated that the burden of proof was on the plaintiff in error to show that there was no consideration for the contract. Now we think this was erroneous. There are certain written instruments, of course, which are for the payment of money only, like a promissory note, which do import consideration, and if the consideration is denied, the plaintiff would still have the burden of proving consideration, but could rest upon the obligation itself. Apparently the learned judge in the court below had this in mind. The burden of proof and consideration is not on the defendant where the consideration is denied, but upon the plaintiff, and there is a great line of authorities,—and so well settled is it that one need not quote them,—and the mere fact that a contract is in writing does not change the rule in any way. But now, when one examines this record, one notices that the court did say, what it is claimed he said in his charge, yet as a matter of fact he held that the plaintiff had the burden of proving that there was a consideration for this contract, and he told the jury in so many words that if no credits or acceptances were made after the signing of the contract, in other words, if the bank had not performed its part of the agreement, to extend further credit and to receive acceptances, and to extend payment of bills, there would have been no consideration for this contract, and that was for the plaintiff to prove. So what slip he might have made with respect to the burden of proof being upon the defendant to show want of consideration, was a mere slip of the tongue, for his whole charge contradicts this state-

ment and contravenes any deductions being thus drawn from part of the charge. There can be no question but what a contract of this kind must be supported by a sufficient consideration, and the mere fact that the contract is in writing would not even import that there was a consideration. It is a matter of proof. In this case the contract set up what the consideration was to be and we think the evidence bears out the theory that the bank lived up to its agreement and performed its part of the contract. If that was so, then there was a consideration and this question was fairly submitted to the jury and under the charge of the court the jury must have found that the bank had performed its part of the contract; otherwise, it was not entitled to recover.

There was some question as to certain requests to charge that were made, which were not given. An examination of the record will show that these requests to charge were not made before argument and one of the propositions, and the only one which was proper, was substantially given in the general charge by the court. The other proposition did not contain a sound proposition of law and if it had been tendered, the court would have been justified in refusing to give that request; but inasmuch as they were not given until after argument and simply came in the way requests for further or addition instructions to the jury, the rule to be applied to refusal to give a request before argument does not obtain, and we think the court covered the question fully, and there is no error in this respect.

Now the one other error is that the court was wrong in submitting the amount to the jury; in telling them, if they found for the plaintiff they should find a certain amount. Well, there is no dispute about that proposition. It was simply done for the purpose of expediting the matter and not letting the jury speculate. The amount that was due on this guaranty was not seriously contested. Consequently, we do not see that there was any error in this respect.

Taking this whole record together, we cannot see any error in the record that would warrant the court in disturbing it; that is, the majority of the court cannot. One member of the court thinks that the court's charge on the question of consideration was so erroneous that the judgment should be reversed for that reason. The majority of the court cannot come to this

conclusion. The majority of the court, therefore, thinks that the judgment should be affirmed and it, therefore, will be affirmed.

Sullivan, J, concurs in judgment.

Levine, J, dissents on the ground that the court erred in his charge upon the burden of proof relating to the consideration.