## HAEFNER v FIRST NATIONAL BANK OF ELMWOOD PLACE

Ohio Appeals, 1st Dist., Hamilton Co.

No. 6135. Decided June 15, 1942.

464

Chester S. Durr, Cincinnati, for appellee.

Stanley A. Silversteen, Cincinnati, for appellant.

**OPINION**

By MATTHEWS, PJ.

This is the second appeal in this case. On the first appeal we held that the defendant's cross-petition stated a cause of action, notwithstanding it had acquired the chose after the commencement of the action, and remanded the case for further proceedings. Haefner, Admr. v First National Bank of Elmwood Place, 67 Oh Ap 213.

The plaintiff, as Administrator of Taylor H. Morgan, deceased, sought judgment for the balance alleged to be due on a bank deposit. By way of cross-petition, the defendant set forth that as assignee of one Arthur Weiss, it was the owner of a claim against the estate of Taylor H. Morgan in the sum of $108.75, with interest at six per cent per annum from July 21st, 1936, that the claim had been presented to the administrator for allowance by Arthur Weiss on March 18th, 1936, that, thereafter, on March 26th, 1936, it was assigned to the defendant and refiled by it with the administrator on March 30th, 1940, that the claim had not been paid, allowed, or disallowed.

The plaintiff denied the allegations of the cross-petition. After the case had been remanded by this court, the plaintiff filed an amended reply and answer and later filed a second amended reply and second amended answer to the cross-petition.

By the second amended answer the plaintiff alleged that the bank deposit of $200.00 was the only asset of the estate, and that the debts of the estate aggregated $618.48, of which $349.73, constituting costs of administration, was entitled to priority over the claim of the defendant and that to allow the set-off would disturb the order of distribution imposed by statute. The plaintiff also denied any indebtedness to Arthur Weiss or the defendant.

At the trial, as there was no de-

nial of the allegations of the petition, the defendant proceeded to offer evidence in support of the averments of its cross-petition. It offered in evidence the assignment of the claim signed by Arthur Weiss and proved his signature. In addition, it offered in evidence an uncancelled check signed by the decedent payable to A. Weiss for $108.75, dated July 21st, 1936, endorsed in blank by A. Weiss. The representative capacity of the plaintiff and the fact that he had rejected the claim were admitted.

At the close of the cross-petitioner's evidence, the plaintiff moved for a dismissal of the cross-petition and for judgment on his petition. The motion was granted, judgment entered accordingly, and it is from that judgment that this second appeal was taken.

The cross-petitioner relied entirely on the check to prove that decedent was indebted to A. Weiss, the assignor of the claim to it. And counsel argues on this appeal that both by common law definition and by statute this check is a negotiable instrument, and, therefore, under the law there is a prima facie presumption of consideration.

Counsel cites §§8129, 8131, 8133, and 8290 GC. Let us examine these sections.

By Sec. 8129, it is enacted that: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration and every person whose signature appears thereon to have become a party thereto for value."

"Value" is defined by §8130 GC, as "Any consideration sufficient to support a simple contract" and by §8133 GC, absence or failure of consideration is made a matter of defense against any one not a holder in due course.

These provisions of the Negotiable Instruments Act are made applicable to checks by §8290 GC.

(1) Assuming that we were correct in deciding in **Darby** v **Chambers** (No. 6074 upon the docket of this Court) that in action upon a negotiable instrument both want of and failure of consideration are affirmative defenses, the burden of proving which rests upon the defendant, does that apply when the action, actually predicated upon a negotiable instrument, is not in form such an action?

When the pleading sets forth an action upon an indebtedness—an action which under common law pleading would be indebitatus assumpsit—there can be no doubt that the burden of proving the debt rests upon the party seeking relief. That being so, a defensive pleading that denies the indebtedness is all that is required to raise the issue and to admit all relevant and competent evidence. A check might be an item of such evidence and would be admissible and its admissibility would not depend on whether the defendant knew of its existence prior to its introduction. To hold that by reason of §8133 GC, the disclosure of the existence of a negotiable check had the effect of deleting an element necessary for the plaintiff to allege and prove up to that time, and transfer it to the other side transformed into an affirmative defense would enable a plaintiff by the mere device of a particular form of pleading to place the defendant in an indefensible position from which he could not escape except by amending his answer, which, through no fault on his part, had become inadequate for his protection. Of course, such a construction of §8133 GC, should be avoided. The legislature had no intention of enacting such an ab-

surdity. It was legislating with reference to negotiable instruments— and when it addressed itself to the matter of a defense thereto in §8133 GC, it clearly had in mind actions in form as shown by the pleading on negotiable instruments, and not other forms of actions in which a negotiable instrument would or might become incidentally involved as an item of evidence. The section must be limited to actions to recover on the instrument itself and cannot be extended to actions to recover for the debt, the negotiable instrument being treated by the pleader as mere evidence of the debt.

We, therefore, hold that the burden of proving that the decedent was indebted to Arthur Weiss was upon the defendant as an element of its cause of action, and, conversely, that want of consideration was not an affirmative defense. The plaintiff's denial of the debt was therefore sufficient to raise the issue of lack of consideration.

(2) Now upon this issue of whether there was an indebtedness the check was competent evidence. But what was its effect as evidence? The statutory rule (§8129) is that it shall be deemed prima facie have been issued for a valuable consideration. That was the rule in the absence of a statute "unless circumstances of suspicion appear". 5 R. C. L. 484. No circumstances of suspicion appear in this case, unless it can be said that failure to present the check for payment is such a circumstance. But the death of the drawer revoked the authority of the drawee to pay. 5 R. C. L. 529. That may have occurred before the drawer had had a reasonable time in which to present it for payment, thereby necessitating its presentation as a claim against the estate of the drawer. Furthermore, the failure to present a check results only in release to the extent that the drawer is damaged by such failure. Deal v Atlantic Coast Line Railroad Co. (225 Ala. 533, 144 So. 81) 86 A. L. R. 455, at 459.

So we see no reason for giving to a check a certain evidential value in one form of action, and refusing such value in another. We find no such limitation of the rule stated in any of the cases. We are, therefore, of the opinion that the check was prima facie evidence of the indebtedness.

(3) The plaintiff has alleged that this estate is insolvent and that all of its assets are needed to pay obligations having priority over the claim of the defendant.

There was no denial of these allegations.

Regardless of all other considerations, we are of the opinion that the judgment was correct on the ground that it appears from the pleadings, by reason of the failure to deny this defense, that the plaintiff is entitled to judgment upon its cause of action and that the defendant is not entitled to judgment upon its cause of action, and that the defendant is not entitled to a set-off. Haefner v First National Bank of Elmwood Place, 67 Oh Ap 213.

For these reasons, the judgment is affirmed.

ROSS, J., concurs.