In the Matter of the Accounting of FRANCIS J. MULLIGAN, Public Administrator of New York County, as Administrator of the Estate of FRANK KOLBEN, Deceased.

Surrogate's Court, New York County, April 10, 1953.

*Joseph A. Cox* for administrator, petitioner.

*Francis Schmolka* for Marie Fiala, respondent.

*Lawrence P. Fels* for Barbara Zimmerman and another, respondent.

*Nathaniel L. Goldstein, Attorney-General (Corning G. McKennee* of counsel), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law, respondent.

FRANKENTHALER, S. Objection has been interposed to the rejection by the Public Administrator on his final accounting of a claim based upon a check issued by the deceased shortly before his death. There was introduced in evidence the check, drawn in deceased's name to the order of objectant dated January 2, 1946. It was proved that objectant had possession of the check since its date, that it was presented to the drawee bank for payment after deceased's death and that payment thereof was refused. The signature was adequately identified as that of deceased. No further proof was offered and the Public Administrator moved to dismiss the objection on the ground that the proof failed to establish any obligation of deceased.

Claimant's possession of the instrument since the date it was drawn gives rise to an inference of valid and intentional delivery by the deceased drawer (Negotiable Instruments Law, § 35; *Matter of Knauss,* 66 N. Y. S. 2d 828, 830). It is also to be presumed that the instrument was drawn for a valuable consideration (Negotiable Instruments Law, § 50). The sole issue, then, is whether objectant may recover upon the uncashed check or whether he must establish an obligation independent of the check.

Section 111 of the Negotiable Instruments Law provides: " The drawer by drawing the instrument * * * engages that on due presentment the instrument will be accepted and paid, or both, according to its tenor, and that if it be dishonored * * * he will pay the amount thereof to the holder ". During the lifetime of the drawer the holder of an unaccepted check may sue him upon the instrument or the underlying obligation or both. If the procedure required by statute to hold liable the

drawer of an unaccepted check has been properly complied with, the statutory obligations of the drawer become perfected and the holder is entitled to their enforcement. Due presentment having been made by objectant herein and the instrument being founded presumably upon a valuable consideration recovery must be allowed in accordance with the drawer's covenants. The statute does not provide for the termination of these obligations by reason of the drawer's death and in logic there is no basis for relieving him from his promise in that event. The rights of the holder of a check given for a valuable consideration are fixed at the time of delivery and neither subsequent action by the drawer nor his death can alter these rights. The obligation of the drawer of an unaccepted check is akin to that of the maker of a promissory note and it has been held that the death of the promisor before demand has been made does not abrogate his obligations to the promisee and the latter may recover upon the note from the promisor's estate (e.g., *Matter of Seigle,* 289 N. Y. 300). In both situations death of the maker is deemed to have no effect upon the holder's right to recover in full in accordance with the terms of his contract.

Although death does not terminate the drawer's liability upon the instrument, it does operate to revoke the authority of the payee to *collect* from the drawee (cf. *Matter of Gibbons,* 234 App. Div. 153; *Hoffman* v. *Union Dime Sav. Insts.,* 109 App. Div. 24; and *Matter of Garland,* 97 N. Y. S. 2d 442, 446; cf. *Cook* v. *Lewis,* 172 Ill. App. 518, and *Haefner* v. *First Nat. Bank,* 70 Ohio App. 293). In New York the transfer of a check does not of itself operate as an assignment of any part of the fund against which the instrument is drawn (Negotiable Instruments Law, § 325); a check is a mere order for the payment of money and until it has been accepted or certified the payee is vested with no enforcible rights to the fund in the hands of the drawee. Upon the death of the drawer before the check has been accepted or certified, title to the funds in the hands of the drawee vests in the drawer's representative (1 Davids on New York Law of Wills, §§ 4, 5; cf. *McMurray* v. *Ennis,* 10 N. Y. S. 698, 700). As the holder has no vested rights to the fund he may not collect from the drawee and is entitled only to recovery from the drawer's estate as a general creditor. Were the holder allowed to collect from the drawee in the full amount of the check he would thereby obtain an unfair advantage over other general creditors if the estate were insolvent, an advantage not war-

ranted by statute (cf. Surrogate's Ct. Act, § 212) or by the nature of the instrument (see Negotiable Instruments Law, § 325). Hence, although claimant may recover from the decedent's estate upon the check, his status is that of a general creditor (See *Haefner* v. *First Nat. Bank,* 70 Ohio App. 293, *supra,* and *Fisher* v. *Bagnell,* 194 Mo. App. 581).

This examination into the nature of the obligations created by the transfer of a check was necessitated by the conflict among the reported decisions in this State. (cf. *Matter of Mason,* 194 Misc. 308; *Matter of Ehlers,* 132 Misc. 910; *Matter of Van Ingen,* 100 N. Y. S. 2d 244, 249; *Matter of Garland,* 97 N. Y. S. 2d 442, 446, *supra; Matter of Ludlam,* 158 Misc. 283, 285, and *Matter of Pierce,* 56 N. Y. S. 2d 778, 779, with *Matter of Knauss, supra,* and *McMurray* v. *Ennis, supra.*) The view contrary to that expressed herein was succintly stated in *Matter of Mason* (*supra,* p. 310): " A check is a mere order for the payment of money. The authority of the payee as agent of the maker is revoked by the death of the maker prior to the time the check is cashed [citing cases]. Consequently, no claims against the estate can be based on a check itself." In that case the court held that the check was prima facie proof of the claim it evidenced and as no further testimony was introduced the claim was allowed in the amount of the check. This view was recently rejected in *Matter of Bakri* (109 N. Y. S. 2d 654) where it was held that a check does not of itself establish the unpaid amount of the payee's claim.

As has been indicated above, this court is in accord with the view that the death of the drawer revokes the payee's authority to *collect* from the drawee; it cannot, however, concur in the opinion that recovery may not be had from the drawer's estate upon his statutory covenants.

The decisions in the higher courts of this State which are relied upon to deny recovery upon the instrument from the drawer's estate are not in point. Thus, *Glennan* v. *Rochester Trust & Safe Deposit Co.* (209 N. Y. 12) held that the drawee bank, which paid upon a check after the death of the drawer without notice or knowledge of such death, is not liable to the drawer's estate for the amount so paid. Although the court stated by way of dictum that death revokes the authority of the payee to collect from the drawee, no consideration was given to the rights of the payee against the drawer's estate and the statement is not controlling in this situation. *Fordred* v. *Seamen's Sav. Bank* (10 Abb. Prac. [N. S.] 425) and *Attorney-*

*General* v. *Continental Life Ins. Co.* (71 N. Y. 325), which hold that the payee may not recover from the drawee bank because a check does not operate as an assignment of any part of the funds of the drawer with the drawee are likewise not in point as neither case dealt with the rights of the payee against the drawer's estate.

*Matter of Mead* (90 Misc. 263, affd. 173 App. Div. 982, affd. 221 N. Y. 645) is distinguishable upon other grounds. As stated by the Reporter in the Court of Appeals (p. 646): "The sole question in this court was as to the legal effect of the attempted gift by the decedent to the executrix * * * represented by two checks for $20,000 each." The facts as reported in the Surrogate's opinion indicate that the alleged donee relied solely upon the check and delivery thereof to her. The court held that an attempted gift by check is not effective until the check is cashed by the donee (see, also, *Curry* v. *Powers,* 70 N. Y. 212; *Harris* v. *Clark,* 3 N. Y. 93, and *Matter of Smither,* 30 Hun 632). As delivery of a check does not operate as an assignment, the death of the drawer before payment is received renders the attempted gift incomplete. There could be no recovery against the estate upon the instrument as the presumption of consideration would be rebutted by the claim of gift. It seems clear, therefore, that these decisions cannot be regarded as controlling authority with respect to the rights of the payee when the check is presumed to have been given for a valuable consideration. *Matter of Stacey* (89 Misc. 88) is inapplicable due to the peculiar circumstances there presented.

Thus, the decisions which are so frequently cited for the proposition that the payee may not recover from the drawer or his estate upon the check do not formulate such a principle. On the other hand, the preponderant weight of reasoned authority in other jurisdictions supports the conclusion that the payee may recover upon the instrument (*Nassano* v. *Tuolumne Co. Bank,* 20 Cal. App. 603; *Griffin* v. *Louisville Trust Co.,* 312 Ky. 145; *Foxworthy* v. *Adams,* 136 Ky. 403; *Guild* v. *Eastern Trust & Banking Co.,* 122 Me. 514; *Matter of Hubbard,* 286 Mich. 444; *Wooldridge* v. *Bryan,* 307 Mo. 234; *Fisher* v. *Bagnell,* 194 Mo. App. 581, *supra*; *Elgin* v. *Gross-Kelly & Co.,* 20 N. M. 450; cf. *Raesser* v. *National Exch. Bank,* 112 Wis. 591; with *Dixon Shoe Co.* v. *Moen,* 208 Wis. 389; see 3 Daniel on Negotiable Instruments [Calvert 7th ed.], § 1817; Zane, Death of the Drawer of a Check, 17 Harv. L. Rev. 104, 106; 1 Morse on Banks and Banking [Voorhees 6th ed.], § 400;

14 Harv. L. Rev. 588). But see *Johnston* v. *Thomas* (93 Fla. 67 [gift]); *Miller* v. *Medford Nat. Bank* (115 Ore. 366 [same]). The construction of a uniform statute such as the Negotiable Instruments Law by the courts of other jurisdictions is entitled to great weight in this State (see *Brown* v. *Brown*, 91 Misc. 220, 223; *Century Bank* v. *Breitbart*, 89 Misc. 308, 311-312, and *Broderick & Bascom Rope Co.* v. *McGrath*, 81 Misc. 199, 201).

In light of the mandatory statutory language and its interpretation by the courts of other States and in the absence of controlling authority in New York, the court holds that objectant is entitled to recover upon the check and that he is a creditor of the estate in the amount thereof.

The objections of Marie Fiala are dismissed for lack of prosecution, and as the remaining objections have been withdrawn a decree may be submitted, on notice, settling the account.