John D. Bennett, S.
This is an accounting proceeding in which a hearing has been held regarding the claim of one Ella Joyce Gentry in the amount of $2,500.
At the hearing Ella Joyce Gentry produced a check signed by the decedent, dated June 5,1951, drawn to cash and indorsed on the back by the claimant. This check is stamped 1 ‘ Payment Stopped”, and the clearinghouse stamp on the back is dated September 18,1951.
The decedent died May 22, 1954. Notice of this claim was given to the estate July 19, 1957. The executor rejected the claim.
On these facts the claimant rested, relying solely upon them and on the presumptions of delivery and consideration supplied by sections 35 and 50 of the Negotiable Instruments Law.
In the reported cases there is considerable conflict as to the sufficiency of proof of the issuance of a check by a decedent in his lifetime to establish a valid claim against his estate. Two recent cases “ both in the Surrogate’s Court of New York County, but decided by different Surrogates, both eminent jurists, former Justices of the Supreme Court who have been ‘ promoted ’ to the office of Surrogate” (Matter of Samuel, 9 Misc 2d 909, 910) demonstrate the divergent views.
In Matter of Bakri (109 N. Y. S. 2d 654 [1951]), Surrogate Collins held that a check created an agency which terminated at death, and that the check, while a piece of evidence, was insufficient to make out a prima facie case, but must be reinforced by sufficient evidence aliunde.
*661 In Matter of Kolben (203 Misc. 1012 [1953]), Surrogate Fbankenthaler took the opposite view, namely, that a check regular on its face is, after the death of the drawer, sufficient as prima facie proof of the claim because of the provisions of the Negotiable Instruments Law.
It should be noted that Surrogate Collins recognizes that whatever underlying claim or claims the holder may have had against the decedeint may be asserted against his estate. Surrogate Frankenthaleb notes that during the lifetime of the drawer, the holder of a check, not accepted by the drawee, may sue the drawer upon the instrument or the underlying obligation or both.
It is the position of this court that the underlying obligation of the check is the basis of a claim against the estate, but that the check itself, with its presumptions of consideration and delivery, may be sufficient to establish a prima facie case against the estate. The check raises a presumption that it is given in payment of a debt and in that sense, the unpaid check is evidence of a debt.
However, this court is also of the opinion that the presumptions of consideration and delivery are weak and may be overcome not only by a direct testimony in contradiction, but by facts and circumstances surrounding the transaction. A presumption of delivery of a check deposited two days after decedent’s death was rebutted by the fact that the payee had exclusive possession and control of decedent’s house and effects in that interim (Matter of Jennings, 286 App. Div. 256 [2d Dept., 1955], unanimously affd. 1 N Y 2d 762).
The same rebuttal of presumption by surrounding circumstances applies to the presumption of consideration. As early as 1895 the court in Dinley v. McCullagh (92 Hun 454) held as follows: “ But the rule thus invoked [presumption of consideration] has its limitations, and very slight circumstances will serve to repel any presumption thus created * * * the fact that the check was signed more than a month prior to the death of the intestate, and was not presented at the bank until several months after her death, is sufficient to justify the trial court in concluding that it was not received in the usual course of business and for a valuable consideration.”
Returning to the case at hand, there is presented a combination of circumstances which, in the opinion of the court, completely rebuts any presumption of consideration and delivery.
First, the check for $2,500, presumably in payment of a debt due Ella Joyce Gentry, was not made payable to her, but to *662 cash. Second, the check bearing date June 5, 1951, was not presented for payment until September 18, 1951, or more than three months later. Third, payment of the check was stopped before presentation. Fourth, the check having been dishonored September 18, 1951, the claimant did nothing to collect from the drawer who lived until May 22, 1954, or more than two and one-half years longer. Fifth, after the death of the decedent May 22, 1954, the claimant made no claim for the amount of this check against his estate until July 19, 1957.
The more than six-year delay in this case is a far more compelling rebuttal of the presumptions of consideration and delivery than is the few months ’ delay held sufficient in Dinley v. McCullagh (supra).
The court finds that Ella Joyce Gentry has failed to prove her claim against this estate, and dismisses such claim on the merits, without costs to either party.