AMERICAN SALES, INC., Appellee,

v.

BOFFO et al., Appellants.

[Cite as *American Sales, Inc. v. Boffo* (1991), 71 Ohio App.3d 168.]

Court of Appeals of Ohio,
Montgomery County.

No. 12062.

Decided Feb. 22, 1991.

*Thomas Hanna*, for appellee.

*Leo P. Ross* and *Joquetta S. Wells*, for appellants.

GRADY, Judge.

Defendants-appellants, Julian Boffo and Mark V. Boffo, have appealed from the decision and entry of the trial court granting default judgment against them, jointly and severally, upon the claim of plaintiff-appellee, American Sales, Inc., for breach of contract and attorney fees. The default judgment was granted as a sanction pursuant to Civ.R. 37(D) for failure of the Boffos to appear for their depositions after being served with proper notice. Both a default judgment and a later, separate judgment for attorney fees were recommended by referees of the common pleas court. Over the objections of appellants, the common pleas court adopted the report and recommendations of the referees and entered judgment.

This matter arises from a complaint for breach of contract filed July 29, 1988, by American Sales, Inc. ("ASI") against Julian Boffo and Mark V. Boffo, in which ASI alleged that the Boffos failed to perform on a written agreement for the purchase of commercial laundry equipment from ASI. The complaint attached copies of the written agreement of the parties and prayed for damages in the amount of $23,523.95. An amended complaint was filed August 12, 1988. An answer was filed by the Boffos on September 11, 1988.

The litigation saw numerous pretrial motions concerning conferences, discovery, sanctions for failure to provide discovery, protective orders, trial dates and continuances of trial dates, and like matters. Those matters were disposed of as they arose in the course of the litigation process.

On May 10, 1989, the Boffos filed a motion for summary judgment and for protective order concerning interrogatories propounded by ASI. The motion for protective order was denied June 1, 1989.

On June 14, 1989, ASI filed a motion for default judgment pursuant to Civ.R. 37, alleging that the Boffos failed to comply with prior discovery orders and requests. On June 24, 1989, the Boffos provided responses to those various discovery requests and default judgment was not granted on that motion.

On July 21, 1989, a trial date of October 12, 1989 was established.

On August 16, 1989, ASI served on the Boffos, through their counsel, notice that each defendant would be deposed at the offices of ASI's counsel on September 6, 1989, a date that had been arrived at by agreement of counsel at an earlier time. Thereafter, on August 31, 1989, counsel for the Boffos advised ASI's counsel by telephone that the Boffos would not appear at the scheduled deposition.

By letter dated September 1, 1989, counsel for the Boffos advised Referee Douglas Ferguson, as follows:

"Re: American Sales vs. Boffo Case No. 88–2799

"Dear Referee Ferguson:

"After extensive conversation with my client, Mr. Boffo, he has concluded the [*sic*] he cannot justify further expenditures in this matter until after our Motion for Summary Judgment has been ruled upon by the court.

"Therefore, we respectfully request that you rule upon the Motion for Summary Judgment without further discovery and that we be provided with findings of fact and conclusions of law relative to your findings. We are therefore cancelling all depositions scheduled for September 6, 1989 and await your ruling."

A copy of the letter was furnished to counsel for ASI.

On September 13, 1989, ASI filed a motion for sanctions pursuant to Civ.R. 37(D), requesting default judgment for the failure of the Boffos to appear at properly noticed depositions. A copy of the motion was served on counsel for the Boffos.

On October 4, 1989, the referee overruled the Boffos' motion for summary judgment and granted ASI's motion for sanctions, ordering that the allega-

tions of ASI's complaint were deemed established. The referee further ordered a hearing on damages to be set for October 27, 1989. The order provided:

"This date is firm and shall not be continued. All parties and their counsel are ordered to appear."

The referee also advised counsel that at the time of the hearing he would also consider whether any of ASI's reasonable expenses and attorney fees should be assessed against the Boffos or their counsel for failure to permit discovery.

The damages hearing of October 27, 1989, was continued upon motion of the Boffos and request of a federal district judge in Columbus before whom counsel for the Boffos was then engaged in trial. The damage hearing was reset for November 15, 1989. Counsel for the Boffos later requested a continuance of that date because the federal trial was still in progress. The referee denied the request and, on the morning of the hearing, counsel for the Boffos advised the referee that he would not be in court and could not send a substitute. The referee then conducted a hearing without the Boffos or counsel representing them.

The referee recommended that ASI be awarded a judgment in the amount of $23,523.95, representing a loss of profit, plus interest, plus attorney fees in the amount of $1,077.25, and that the Boffos be required to pay the cost of the action. Timely objections were filed to the report and recommendations.

On December 29, 1989, the trial court reviewed the objections and adopted the recommendations of the referee as its own order. From that order, the Boffos have filed a timely notice of appeal.

On the foregoing facts, the Boffos present two assignments of error, which are considered in order below. The first states:

"The trial court abused its discretion as a matter of law by rendering a judgment by default and a default judgment against the appellant[s]."

■ In support of this assignment of error, appellants present two separate subarguments. The first states:

"A trial court may impose judgment by default as a sanction pursuant to civil rule 32(B)(2)(c) [*sic*] only when the party against whom a motion for sanctions is made has unreasonably failed to comply with a court order compelling discovery."

Civ.R. 37 provides for procedures and sanctions for failure to make discovery. Subdivision (B)(2) of the rule provides that for certain failures the court may make such orders in regard to the failure as are just, including the following:

"(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or *rendering a judgment by default against the disobedient party[.]*"

Subdivision (D) of the rule, under which the motion for sanctions was made by ASI and granted by the trial court, provides:

"If a party * * * fails (1) to appear before the officer who is to take his deposition after being served with a proper notice, * * * the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others *it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule.* In lieu of any other or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

"The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a *protective order* as provided by Rule 26(C)." (Emphasis added.)

The provisions of subdivision (B)(2) of Civ.R. 37 contemplate a failure or refusal to obey an order of the court to provide or permit discovery. In contrast, the provisions of subdivision (D) of the rule do not contemplate or require a prior order, but provide instead a one-step method for immediate imposition of sanctions after motion and notice when a party fails to appear at a properly noticed deposition. *Dafco, Inc. v. Reynolds* (1983), 9 Ohio App.3d 4, 9 OBR 4, 457 N.E.2d 916. This interpretation is supported by the Staff Notes to Civ.R. 37, which state in part:

"Rule 37(D) complements Rule 37(A). While Rule 37(A) is concerned with *compelling* discovery, Rule 37(D) is concerned with the immediate application of sanctions against non-complying parties or persons. Wright, Federal Courts 394 (2d ed. 1970). Under Rule 37(D) the court upon motion and notice may make such orders as 'are just' including orders authorized by Rule 37(B)(2)(a) through (B)(2)(c). See, Staff Note to Rule 45(D) and *Trans World Airlines, Inc. v. Hughes*, 332 F.2d 602 (2d Cir.1964), cited therein. Further the court in addition or in lieu of an order authorized by Rule 37(D) may require the party failing to act and the attorney advising him ' . . . to pay the reasonable expenses, including attorney's fees caused by the failure unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.'

"Rule 37(D) concludes by making it clear that a party may not remain completely silent even when he regards, as improper and objectionable, a notice to take his deposition or a set of interrogatories or requests to inspect. If he desires not to appear or not to respond, he must apply for a protective order from the court under Rule 26(C). See, Rule 37(D), the Staff Note to Rule 26(C) and 1967 Prelim.Draft 97.

"The provisions of Rule 37 are taken directly from proposed Federal Rule 37."

The authorities are in agreement concerning the distinction between subdivisions (b) and (d) of Fed.R.Civ.P. 37.

"Rule 37(d) makes it explicit that a party properly served has an absolute duty to respond, that is, to present himself for the taking of his deposition, * * * and that the court in which the action is pending may enforce this duty by imposing sanctions for its violation. Rule 37(d) deals, then, with failure to make the initial response required by the Rules, while subdivisions (a) and (b) provide a method of resolving differences between the parties and enforcing the court's determinations. Thus there must be an order under subdivision (a) before sanctions are imposed under (b), while under (d) the party aggrieved moves directly for the imposition of sanctions." 4A Moore's Federal Practice (1983) 37-100, Section 37.05.

"No court order is required to bring Rule 37(d) into play. It is enough that a notice of the taking of a deposition or a set of interrogatories or a request for inspection has been properly served on the party. But the rule remains applicable if the party has been ordered by the court to appear rather than merely served with a notice as he might have been." 8 Wright & Miller, Federal Practice and Procedure (1970), Section 2291. See, also, Anderson's Ohio Civil Practice (1989), Section 166.07.

It is abundantly clear that appellant is incorrect in arguing that the trial court could not impose the default judgment sanctions authorized by Civ.R. 37(D) absent a prior court order compelling discovery. It is undisputed that ASI's notices to take the depositions of Mark Boffo and Julian Boffo on September 6, 1989, were properly drawn and served on counsel for those parties. It is also undisputed that they failed to appear for their depositions. Therefore, the court was not required to have before it any form of order compelling their appearance in order to employ the sanctions authorized by Civ.R. 37(D), including default judgment.

■ Appellants also argue under this heading that default judgment was not justly imposed because it was too burdensome to require them to submit to the depositions, particularly when much of the information to be obtained

from them appeared in their earlier answers to ASI's interrogatories. However, Civ.R. 37(D) makes clear that the failure of a party to appear and testify "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(C)." See, also, Staff Notes to Civ.R. 37(D), *supra; Dafco v. Reynolds, supra.* "Thus, a party who decides not to appear for a deposition or not to respond to interrogatories or to a request for inspection should apply for a protective order. By waiting until a motion for immediate sanctions has been made, he waives his objections to the discovery sought." Anderson's Ohio Civil Practice (1989), Section 166.09.

Appellants made no motion for a protective order in response to ASI's motion for sanctions and, in fact, made no response of any kind on the record to that motion. Therefore, appellants may not at this time argue that the depositions required were burdensome, duplicative, or otherwise objectionable.

■ As a second subparagraph under their assignment of error, appellants argue:

"A default judgment predicated on a factual failure to attend is properly granted only in conformance with Civil Rule 55 and only when a party has failed to plead timely or otherwise defend a case such that the plaintiff's allegations are not at issue."

The provisions of Civ.R. 55 apply when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. The sanctions authorized by Civ.R. 37(D) are manifestly different, and the circumstances of the case before us are not those contemplated by Civ.R. 55. The argument is without merit.

For the foregoing reasons, appellants' first assignment of error is overruled.

Appellants state as their second assignment of error and subargument:

"The trial court erred in finding that the plaintiff-appellee's complaint stated a cause of action for breach of contract.

"A complaint for a prima facie breach of contract must allege essential elements of the existence of a contract to survive pretrial attacks by motion for judgment on the pleadings or summary judgment."

■ In his recommendations of October 4, 1989, the referee stated: "Accordingly, and pursuant to Civ.R. 37(B)(2)(c), the Referee deems that the allegations of plaintiff American Sales, Inc. are deemed established as pled in plaintiff's amended complaint filed August 12, 1988." Appellants now argue that those allegations were insufficient to support a judgment for breach of contract. We do not agree.

A pleading which sets forth a claim for relief must contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Civ.R. 8(A). Under this form of "notice pleading," less emphasis is placed on the form of the language in the complaint when the operative grounds underlying the claim are set forth so as to give adequate notice of the nature of the action. *Conley v. Gibson* (1957), 355 U.S. 41, 47–48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 85–86.

Generally, a breach of contract action is pleaded by stating (1) the terms of the contract, (2) the performance by the plaintiff of his obligations, (3) the breach by the defendant, (4) damages, and (5) consideration. *Harper v. Miller* (1957), 109 Ohio App. 269, 11 O.O.2d 17, 164 N.E.2d 754; *Haefner v. First Natl. Bank* (1942), 70 Ohio App. 293, 25 O.O. 54, 44 N.E.2d 489. Cf. *Silberman v. Natl. City Bank* (1930), 36 Ohio App. 442, 173 N.E. 16.

The amended complaint alleged the contract and attached a copy of the contract. It alleged that appellants refused to accept the delivery of the equipment ordered from ASI, which constituted a breach resulting in damages in the amount of $23,522.95. The complaint set up the mutual promises of the parties as consideration. Therefore, we conclude that the pleadings and the complaint adequately alleged a contract in its breach. It was not necessary, as appellants argue, that the contract elements of mutual assent and consideration be pleaded with any greater specificity.

Appellants also argue that the pleading of the complaint was an insufficient foundation for a default judgment on liability because it failed to allege that a condition precedent expressed in the contract had been met. That provision provided that the appellants' obligation was "contingent upon owner obtaining acceptable financing and/or leasing arrangements." We do not agree that the pleading and proof are insufficient in this respect. The contract alleged that, after making their agreement, "defendants refused to accept delivery of the equipment ordered, thereby breaching the terms of the agreement." In terms of notice pleading, that language is sufficient to satisfy any requirement of specificity for purposes of default judgment. It was not necessary to specifically allege the happening of a condition precedent. Further, at the hearing on damages, the referee heard the testimony of David Goldenberg, president of ASI, who testified concerning the contract. The referee's report states that "Mr. Goldenberg said that he understands that defendants purchased similar equipment from another supplier at a lesser price, and that was [the] reason for [their] refusal to complete the contract." It is reasonable to infer from that testimony and the pleading that the terms of the contingency had been satisfied.

For the foregoing reasons, appellants' second assignment of error is overruled.

Both assignments of error having been overruled, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

FAIN, P.J., and BROGAN, J., concur.