{¶ 34} I dissent from the majority's decision regarding the second assignment of error.
 {¶ 35} Our starting point in the analysis must be the complaint. Bettis alleged he was entitled to uninsured motorist coverage from National Union under its policy issued to Republic Steel. Bettis cited Scott-Pontzer, supra, and other cases representing the law at the time of the filing of the case, and alleged any written rejection or reduction of uninsured/underinsured motorist coverage is invalid because it does not comply with the requirements of Linko v. IndemnityInsurance of North America (2000), 90 Ohio St.3d 445.
 {¶ 36} National Union argues Bettis' complaint is insufficient because he does not allege that all conditions of the policies had been complied with and all conditions precedent to the coverage had been met. Bettis responds that under notice pleading less emphasis is placed on the form of the language of the complaint so long as the operative grounds underlying the claim are set forth so as to give adequate notice of the nature of the action, see American Sales, Inc. v. Boffo (1991),71 Ohio App.3d 168, 593 N.E.2d 316. Bettis cites us to our case ofSelby v. Wayne Mutual Insurance Company (May 2, 1996), Fairfield Appellate No. 95-CA-46. In Selby, this court found Civ. R. 8 provides if allegations in a complaint are not denied they are deemed judicially admitted by the party in default. InSelby, we found the trial court did not err in certifying a class action by default judgment.
 {¶ 37} I find Bettis is correct when he asserts his allegations are sufficient, and the various issues National Union asserts are pertinent, such as policy dates, definitions, and exclusions, are not relevant because the failure to answer the complaint admits the allegations in the complaint, including coverage of Bettis as an employee of the insured.
 {¶ 38} Finally, National Union urges us to find a default judgment in a declaratory judgment is legally unsound. Bettis urges that National Union failed to raise the argument below, but we will address it.
 {¶ 39} National Union cites us to Kepler v. PrudentialProperty Casualty Insurance Company, Muskingum Appellate No. CT2002-0036, 2003-Ohio-2145.
 {¶ 40} In Kepler, this court specifically declined to address whether a responsive pleading is necessary in a declaratory judgment action. We did find, however, that the court must be able to determine as a matter of law that coverage exists, because such determination is a legal determination, not a factual one.
 {¶ 41} Bettis, on the other hand, cites us Leisure v. StateFarm Mutual Automobile Insurance (October 26, 1998), Stark Appellate Nos. 1997-CA-00420 and 1997-CA-004445. In Leisure, we found the trial court erred in granting a default judgment and a declaratory judgment action because Leisure failed to serve the Ohio Attorney General, and the complaint for declaratory judgment prayed the trial court finds Senate Bill 20 and House Bill 350 unconstitutional. However, this court also advised the trial court that in its discretion it could reinstate the default judgment because the insurance company did not timely file an answer and because the Attorney General indicated she did not wish to participate in the lawsuit. We found default judgment only premature, not erroneous.
 {¶ 42} I find if the trial court is able to make an independent evaluation of the complaint, no responsive pleading is required in a declaratory judgment action. To find otherwise would be tantamount to finding a defendant would be better off never filing a responsive pleading in a declaratory judgment action, because no judgment could ever be rendered against it under those circumstances.
 {¶ 43} I would overrule the second assignment.